## HALL & BRISCOE, Inc., v. STRODE.

No. 23603. Opinion Filed March 21, 1933.

J. S. Ross, S. J. Clay, and Jas. H. Ross, for plaintiff in error.

L. V. Reid, H. V. Lewis, Rayford S. Reid, and C. D. Bennett, for defendant in error.

CULLISON, V. C. J. Harley Strode, by his next friend, Elizabeth Roberts, as plaintiff, filed suit against Hall & Briscoe, Inc., defendant, seeking to recover damages for injuries received in an accident.

The record discloses that plaintiff owned a motorcycle which he used to ride from the home of his parents east of Oklahoma City to school in Oklahoma City. That on the morning of the accident he was riding said motorcycle to school and entered Oklahoma City on G avenue. Hill, an employee of defendant, was driving in a car just a short distance in front of plaintiff on G avenue, and as defendant approached the intersection of G avenue and Central avenue, he attempted to turn to the left into Central avenue.

A short distance before reaching said intersection, plaintiff had started to pass defendant's car. Defendant claims that he held out his left hand signaling a left turn, but plaintiff denies that any such signal was given. There was a car parked on the south side of G avenue about 10 feet east of the intersection of G avenue and Central avenue, and, as defendant's car swung to the left, it caused plaintiff to have to turn to the left to prevent striking defendant's car, and in turning to the left plaintiff's motorcycle struck the car parked on the south side of G avenue, and also struck the rear wheel of defendant's car.

The impact between the motorcycle and cars threw plaintiff over his motorcycle, causing him to land on his head and shoulder, thereby injuring plaintiff. Plaintiff's injury consisted of a fracture in the skull and a fracture of the vertebrae of the neck. Plaintiff was in a very serious condition for a period of months, and at the time of the trial had recovered so as to be able to get around, but was not able to do any work or to take any violent exercise. The movement of his head was considerably restricted.

Upon the trial of said cause, the jury found favorably to plaintiff, and defendant appeals to this court. Plaintiff in error (defendant) contends there was error in certain instructions given by the court.

The instructions complained of by defendant consist of charges to the jury wherein the court outlined to the jury what constituted negligence per se of the defendant, contributory negligence by the plaintiff, and negligence of plaintiff.

We have carefully examined said instructions covered by the assignments of error and carefully examined the entire charge given by the court to the jury.

We think the instructions given correctly state the law relative to the facts under consideration, and that the instructions, taken as a whole, completely cover the case under consideration. We hold the jury was properly informed as to the rights of both plaintiff and defendant. That the instructions were full and fair, and that no reversible error was committed by the court in giving the instructions objected to by defendant.

This is just an unfortunate case wherein a person was injured, and the question of liability of defendant for producing said injury was properly submitted to the jury

under proper instructions, and the jury found favorably to plaintiff.

This court has ofttimes held that, where the instructions, taken as a whole, fairly and impartially state the issues of said cause, and there is competent evidence supporting plaintiff's cause of action, this court will not reverse the same on appeal. In the case of Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768, this court held:

"Instructions must be considered as a whole and construed together, and, while a single instruction standing alone may be subject to criticism, when the instructions, when taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case: it is sufficient if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced."

Relying upon the above authorities, we hold that the judgment of the district court should be affirmed.

Defendant in error having requested that judgment be rendered upon a supersedeas bond filed in said cause, it is therefore ordered that the defendant in error have and recover judgment against plaintiff in error. a principal, and the Western Casualty & Surety Company, as surety, for the amount of the principal judgment, interest, and costs in said cause.

RILEY, C. J., and SWINDALL. ANDREWS, McNEILL, OSBORN, BAYLESS. BUSBY, and WELCH, JJ., concur.

Note.—See under (1) 14 R. C. L. 817, 818; R. C. L. Perm. Supp. p. 3683: R. C. L. Pocket Part, title "Instructions." § 76.