## JAMISON, Adm'r, v. OKLAHOMA POWER & WATER CO.

No. 28157.    March 21, 1939.

Rehearing Denied May 16, 1939.

Hamilton & Clendinning and Bicking & Wilson, for plaintiff in error.

V. E. McInnis and E. J. Doerner, for defendant in error.

DANNER, J. Plaintiff in error was plaintiff in an action prosecuted by him against the defendant for the death of Brown James Akin, alleged to have been caused through the negligence of the defendant. From a judgment entered on a verdict by the jury in favor of defendant, the plaintiff appeals.

In his petition plaintiff alleges that the deceased died on the 18th day of September, 1933, as a direct and proximate result of acts of carelessness and negligence of the defendant. That the deceased was an

employee of the Postal Telegraph-Cable Company, as its superintendent at Tulsa, Okla., and while in the performance of his duties the deceased went underneath the building occupied by that company in Tulsa for the purpose of changing and splicing some electric wires which were designed to carry not to exceed 110 volts of electricity. The current was furnished the Postal Telegraph-Cable Company by the defendant, the Oklahoma Power & Water Company. While the deceased was engaged in this work he was severely burned by electricity and received a violent shock which was the proximate cause of his death. Plaintiff further alleges that the defendant, knowing that the wiring equipment in said building was intended to carry only 110 voltage, wrongfully, negligently, and carelessly permitted excessive electric current approximating 2,300 volts to enter into the several electric wires in said building, which excessive voltage was instantly fatal to anyone coming in contact with such wires. That the defendant failed and neglected to inspect the transformer and the electrical equipment in said building, and also violated certain rules and regulations of the Corporation Commission of the state of Oklahoma relating to public utilities, in connection with the examination, conduct, operation, practice, etc., of the business of furnishing electric current.

The defendant in its amended answer admits its corporate capacity; admits the death of the deceased and his employment by the Postal Telegraph-Cable Company as its superintendent at Tulsa, Okla.; denies, generally, each and every material allegation contained in the petition, except such allegations as are specifically admitted Further, the defendant affirmatively alleges that the deceased in entering upon his work in repairing the electric wiring in the building occupied by the Postal Telegraph-Cable Company was negligent in that he failed to use a cutoff switch located in the building which was installed for the purpose of preventing electricity and electric current from passing through the wires which the deceased was in the act of repairing. That in his failure to use the equipment installed for the prevention of injury from electric current the deceased contributed to the injury which resulted in his death.

The plaintiff complains of certain instructions by the court, particularly instructions Nos. 8 and 9. In instruction No. 8 the court advised the jury as follows:

"You are instructed that there is no obligation under the laws of the state of Oklahoma for a corporation generating and selling electric energy to inspect the wiring in or upon the buildings served by it; and that it is not liable for any accident which may arise out of the defective condition of wiring owned, maintained and operated, in buildings served by it, upon any theory that it was a duty of the electric company to inspect such wiring, and to know whether or not it was safe, and in this connection you are instructed that if you find from the evidence that the wiring of the Postal Telegraph Company maintained and operated in their building and in their business was defective and that that defect in such wiring directly and proximately caused the injuries and resulting death to the deceased Akin, then your verdict in this case should be for the defendant company unless you further find from the evidence that the defendant corporation was negligent and careless in the maintenance of its power lines, equipment thereof, and transformer supplying the said Postal Telegraph Company with its power, and that as a result of that negligence and carelessness, if any, unusual and high voltage was placed upon the wires of the Postal Telegraph Company and that that negligence and carelessness and resulting unusual high voltage, if any, together with the defective condition of the Postal Telegraph Company electric lines directly and proximately caused the injuries and resulting death to the deceased Akin, in which event, if you so find, your verdict should be for the plaintiff in this case."

In instruction No. 9 the court advised the jury as follows:

"You are instructed that the plaintiff in this case has based his action upon three allegations of negligence, to-wit:

"(1) That the defendant generated its electric current into the 110-volt wires in the building in question, knowing that the wiring equipment in the building was worn, defective and unsafe, in that there was no ground on or about said building to conduct any voltage in excess of 110 volts into the ground, instead of into the building.

"(2) That the transformer operated by the defendant for the purpose of reducing the electric current from 6,600 volts to 110 volts, was old, worn, dilapidated, and out of repair, in that the oil in the transformer had not been changed for a long period of time.

"(3) That the defendant violated the rules of the Corporation Commission of the State of Oklahoma in that it failed to ground at least in two places its secondary lines which supplied more than one building.

"Now, you are instructed that the plaintiff cannot recover in this case unless you

find from a reasonable preponderance of the evidence, as herein defined to you, that the wiring in the building was defective and that such defects were actually known by the defendant, or that the transformer in question was defective, within the knowledge of the defendant, and permitted a high voltage of electricity to pass into the defectively wired building, if it was so defectively wired, by reason of failure to change the oil, or that the defendant failed to provide at least two ground connections to the secondary lines in question and to maintain same in good physical condition, and unless you find that such acts of the defendant were negligent and proximately caused the death in question, and unless you further find that the deceased was not guilty of contributory negligence as herein defined to you."

Plaintiff makes certain objections to the above instructions, the only serious one of which is that they failed to define the proper degree of care. The defendant contends that the instructions given by the court, including instructions 8 and 9, are a correct statement of the law, and that if any misstatement occurred in the instructions mentioned it was cured by instruction No. 11, requested by the plaintiff and given by the court, which instruction is as follows:

"While the defendant in this case is not an insurer against the unforeseen and unavoidable accidents the defendant is required, under the law, to exercise the **highest degree** of care to **inspect, keep and maintain** its equipment so as to render the service that it furnishes safe, and to use a degree of care, caution, and circumspection in keeping with the dangerous character of the business of the defendant and a failure in this regard on the part of the defendant would constitute negligence upon the part of the defendant, and if you find and believe from the evidence that such negligence was the proximate cause of the death of Brown James Akin, deceased, and that the said Brown James Akin, deceased, was not guilty of contributory negligence as that term is defined to you in these instructions, your verdict must be for the plaintiff."

We find that the instructions, when considered as a whole, fairly submitted the issues to the jury. On the evidence and the instructions above set out, together with other instructions, the cause was submitted to the jury, and the jury returned an unanimous verdict in favor of the defendant. Inasmuch as the jury heard the conflicting evidence, this court will not disturb its verdict.

"Instructions must be considered as a whole and construed together, and, while a single instruction standing alone may be subject to criticism, yet, when the instructions, when taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced." Hall & Briscoe v. Strode, 163 Okla. 11, 20 P.2d 186.

On the voir dire examination of jurors, counsel for plaintiff asked the question whether any of them were interested in the Public Service Company of Oklahoma, whereupon counsel for defendant stated in substance that the defendant company had no connection with that company. In the motion for new trial plaintiff appended an affidavit of one juror to the effect that he had a son who was employed by the Public Service Company of Oklahoma, and it was further made to appear that the defendant company and that company are subsidiaries of the same parent corporation. The plaintiff contends that in effect he was thereby deprived of the right to challenge jurors for cause. Technically this may be true to some slight extent, but we are not disposed to reverse the judgment for that reason alone. Though it did not involve a ruling made during the trial on a challenge for cause, the appropriate reasoning is analogous to that question, as to which we held, in Dyal v. Morton, 47 Okla. 794, 150 P. 703:

"Rulings of the trial court upon challenges to individual jurors for bias or prejudice will not be reversed unless it appears that the court has abused its discretion to such an extent as to work an injustice on one of the parties, or that the action of the court thereon might have worked such injustice."

We find no error in the proceedings which would justify a reversal of the judgment, and same is accordingly affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., absent.