EARL W. BAKER UTILITIES CO. v. HANEY.

No. 33752.   May 16, 1950.

*218 P. 2d 621.*

Cheek, Cheek & Cheek, of Oklahoma City, for plaintiff in error.

E. P. Ledbetter, of Oklahoma City, for defendant in error.

JOHNSON, J.  The parties here occupied reverse relative positions in the trial court, and hereafter they will be referred to as plaintiff and defendant.

The amended petition alleged in substance that Earl W. Baker Utilities Company, as such, maintained a high-tension highline carrying electricity at the time and place in question; that the highline runs along the west side of the Twin Lakes Gun Club property, and along a wire fence with steel posts set in the ground; that one of the glass insulators was in some manner broken; that through the negligence of defendant the east cable became detached and disarranged so as to permit it to sag down to within a few inches above and parallel with the top wire of the fence, making it extremely deadly, hazardous and dangerous to plaintiff and the public; that while climbing the fence between the property of the Twin Lakes Gun Club and Tom Green's ranch, the property upon which the highline was located, plaintiff came in contact with the sagging electrified wire and was severely injured; that under the rules and regulations of the Corporation Commission it was the duty of the defendant to so maintain its electric supply lines as to reduce the hazards to life and property as far as possible, and to properly install, inspect, test and repair its equipment from time to time; that the defendant was negligent in failing so to do, and that by reason thereof plaintiff was injured and sustained damages to his person in the sum of $75,000, hospital bills in the sum of $246.50, and doctor's bill in the sum of $300.

Defendant's amended answer pleads a general denial, and asserts that it had an easement for right-of-way by condemnation across the land of Tom Green at the place of the accident, and for the purpose of maintaining the highline the defendant had the exclusive possession and control thereof; that the accident occurred upon the land of Tom Green and within the territory covered by its easement; that the accident was at a point far removed from where persons might reasonably be expected to travel and in a wooded area; that trespassing was prohibited on the Tom Green land by "No Trespassing" signs; that at a date unknown to defendant, some unknown person shot and broke the glass insulator and caused the line to sag down within approximately five feet of the ground; that the wire so suspended was unshorted so that the flow of the current was not interrupted; that neither the defendant nor the landowner, Tom Green, had any knowledge or reason to anticipate the plaintiff's presence, and that he was a trespasser, being there without the invitation or permission of either defendant or landowner, Tom Green; that plaintiff when injured had climbed through the fence and entered upon the land of Tom Green upon which the poles and transmission lines of defendant were located and maintained on its easement; that plaintiff was also guilty of contributory negligence.

The plaintiff replied generally denying all the allegations relative to new matters in the amended answer. The issues so joined were duly submitted to a jury resulting in a judgment for plaintiff in the sum of $12,000; motion for new trial being overruled, defendant appeals.

From the evidence it appears that on July 4, 1947, plaintiff and a companion had gone on an outing into the country; that they drove in a gate upon the land of Tom Green and followed an oil field road down to a point where they parked the car and went off the Tom Green property and onto the property of the Twin Lakes Gun Club and down to a lake to look it over; then walked back over the property of the Twin Lakes Gun Club to a point in the fence, near, but not exactly the same point of entrance, through the thicket and underbrush to cross the fence, and while in the act of crossing the fence plaintiff, Haney, came in contact with the low, suspending highline and was injured.

As to whether or not plaintiff was on the Twin Lakes Gun Club property or the property of Tom Green at the time of the injury is questioned. It is asserted by the defendant that the plain-

tiff was injured on the property of Tom Green just after crossing the fence of the Twin Lakes Gun Club and directly under the high-tension electric line of the defendant; that they had an easement from Tom Green covering the territory where the plaintiff was injured. The plaintiff, however, contends that he was injured while climbing through the fence, which was located on the property of the Twin Lakes Gun Club. We think this question immaterial. It is undisputed that plaintiff went upon the properties of the Twin Lakes Gun Club and Tom Green without their knowledge or consent, and as to the rights of such third persons he was a trespasser.

It is contended that plaintiff was a trespasser on land of a third person, and also as to the defendant under its easement or right-of-way deed; that by reason thereof defendant owed plaintiff no legal duty, except that while upon the premises, no wanton or willful injury should be inflicted upon him.

This question is briefed and argued by defendant under three propositions which are: First, "there is no duty owing by a landowner or by one having a right-of-way for the use and occupancy of land to a trespasser whose presence is unknown." Second, "if a trespasser's presence is known to the landowner or lessee, actively or constructively, then the landowner or lessee owes to such trespasser the duty to not willfully or wantonly injure him." Third, "the court erred in refusin to give instructions requested by the defendant to the effect stated in propositions one and two. The court erred in giving instructions to the effect that the defendant herein owed the plaintiff, a trespasser, the duty of exercising a high degree of care."

The above contention comprehends propositions one and two and that part of proposition three wherein the court refused defendant's requested instructions covering its theory under the first two propositions. Now, granting defendant's contention that the accidental injury to plaintiff occurred on the land of Tom Green upon and over which defendant power company had an easement or right-of-way from said owner, the fact that the defendant was trespassing upon the land of Tom Green is no aid or comfort to the defendant. The defendant under its easement or right-of-way deed, and under the rules and regulations of the Corporation Commission, was privileged to maintain its line over these premises, but was without authority thereby to maintain its line suspended so low as to injure the plaintiff or other persons. Unquestionably, the only possessory rights of defendant were those incident to its easement or right-of-way deed. Under this easement it had no right to maintain its wire in the low, sagging condition as is here shown. Clearly it did not rightfully occupy the space where the wire was hanging, by reason of its easement, and, obviously, defendant in crossing the land of a third person was not transgressing or trespassing on the property or property rights of defendant. Texas-Louisiana Power Co. v. Webster (Tex. Civ. App.) 59 S. W. 2d 902 and Texas-Louisiana Power Co. v. Daniels (Tex. Civ. App.) 61 S. W. 2d 179. These cases are consolidated and affirmed by Texas Supreme Court in 127 Tex. 126, 91 S. W. 2d 302. Humphrey v. Twin State Gas & Electric Co., 100 Vt. 414, 139 Atl. 440, 56 A. L. R. 1011. No Oklahoma case in point has been cited, and none has been found by our independent search, and our holding here, which is in line with the weight of authority, is our first expression or sanction of the rule that an electric power company will be liable for negligence causing injury and damage to a trespasser where the trespass was with respect to the property of a third person and not to that of the company. See Annotations 14 A. L. R. 1038; 56 A. L. R. 1030; 29 C. J. S. Electricity, §45; 17 Am. Jur., Easements, §101.

Under these facts and authorities we hold that defendant was not entitled to the exclusive possession of the land by virtue of its right-of-way easement, nor

was plaintiff, who attempted to pass under its wires, a trespasser to whom it owed no legal duty except on discovery of his presence not to wantonly or willfully injure him. Such defense was not available to defendant in the absence of proof showing that its use and occupancy of the land or its wires and poles were in some manner interfered with by the trespass of plaintiff. Consequently, there is no error as to propositions one and two. Neither was it error to refuse the instructions requested by defendant as to said propositions.

No complaint is made by defendant in its brief as to the sufficiency of the evidence of plaintiff to sustain his allegations of negligence, extent of his injuries or the amount of the judgment. This being so, there remains but one other complaint to be determined. Did the court err in instructing the jury that the defendant owed to the plaintiff the duty of exercising a high degree of care? We think not. An electric power company, in using an easement or right-of-way for its poles, wires and appliances in conducting its business, is required to exercise the highest degree of care and to maintain in the best possible condition the best appliances known to the science, to render its business safe, and to use that degree of care, caution and circumspection in keeping with the dangerous character of its business. Shawnee Light & Power Co. v. Sears, 21 Okla. 13, 95 P. 449; Duncan Electric & Ice Co. v. Chrisman, 59 Okla. 67, 157 P. 1031; City of Durant v. Allen, 67 Okla. 1, 168 P. 205.

In City of Durant v. Allen, supra, this court in giving the basic reasons for the high standard (or degree) of care said:

"The defendant was engaged in the manufacture and sale of electricity, which is the most deadly and dangerous power recognized as a necessary agency in developing our civilization and promoting our comfort and business affairs, and, as said by Cook, J., in

Mitchell v. Electric Co., 129 N. C. 166, 39 S. E. 801, 55 L. R. A. 398, 85 Am. St. Rep. 735:

" 'It (electricity) differs from all other dangerous utilities. Its association is with the most inoffensive and harmless piece of mechanism, if wire can be classified as such, in common use. In adhering to the wire it gives no warning or knowledge of its deadly presence; vision cannot detect it; it is without color, motion, or body; latently and without sound it exists, and, being odorless, the only means of its discovery lie in the senses of feeling, communicated through the touch, which, as soon as done, becomes its victim. In behalf of human life and the safety of mankind generally, it behooves those who would profit by the use of the subtle and violent element of nature to exercise the greatest degree of care and constant vigilance in inspecting and maintaining the wires in perfect condition.' "

To the same effect is the language used in City of Marlow v. Parker, 177 Okla. 537, 60 P. 2d 1044, and, affirming this rule, this court, in City of Altus v. Wise, 193 Okla. 288, 143 P. 2d 128, in the second syllabus said:

"Those engaged in the business of conducting electricity over high voltage wires are bound to exercise greater precaution in its use, and to anticipate more remote possibilities of danger therefrom than if the property was of a less dangerous character."

We have examined all the instructions given and those offered by defendant and rejected by the court, and it appears that the court instructed the jury at length on the issues covered by the pleadings and evidence, including the standard of care required by defendant, defining "negligence," "contributory negligence," and "proximate cause"; that to justify a recovery for plaintiff it must find that defendant was guilty of negligence and that such negligence was the proximate cause of plaintiff's injury. The instructions as a whole fairly presented the law appli-

cable to the issues, and from the record we find no substantial prejudicial error.

The judgment is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, and O'NEAL, JJ., concur. GIBSON, J., concurs in result. HALLEY, J., dissents.