Raymond V. DANIEL, Administrator, of the Estate of Bobby Lee Daniel, Deceased, Plaintiff in Error,

v.

OKLAHOMA GAS & ELECTRIC COMPANY, a Corporation, Defendant in Error.

No. 37926.

Supreme Court of Oklahoma.

June 24, 1958.

Rehearing Denied Sept. 23, 1958.

Kelly Brown, Muskogee, Williams, Williams & Williams, Ardmore, for plaintiff in error.

Rainey, Flynn & Anderson, Oklahoma City, Sam C. Oliver, Tulsa, for defendant in error.

CORN, Vice Chief Justice.

At their home near Ringling, Oklahoma, Bobby Lee Daniel and his brothers were attempting to erect a television antenna and fasten it to a porch thereof. Bobby Lee was holding the bottom, or pole, of the antenna, one of the brothers was on top of the porch holding one of the guy wires and another brother was holding a guy wire on the ground.

The Oklahoma Gas & Electric Company had a high voltage line along the front of the property. The poles were in excess of 300 feet apart. The north pole was approximately 3 feet, and the south pole approximately 6 feet within the fence line of the property on which the house is located. The vertical distance from the ground in front of the house to the phase line involved was in excess of 32 feet. The top of the porch is a little less than 9 feet high. The sag in the line shortly after the accident was more than 3 feet. This varies with the temperature. The phase line in question was approximately 7 feet 8½ inches from the porch line of the house. The fence line is approximately 13 feet, 6 inches from the porch line. The north pole is 59 feet from the northwest corner of the house. The east phase line is approximately 13 feet above the top of the house, assuming the house to be directly underneath the line. From the northwest corner of the porch diagonally to the burnt spot of the east phase line is approximately 26 feet.

The antenna pole in question was approximately 37 feet, 10 inches in height. In attempting to raise it, it fell over the east phase line sending an electric shock into and through the body of Bobby Lee resulting in his immediate death.

The phase line in question carried high voltage. Its height above the ground (approximately 32 feet) exceeded considerably the minimum of 20 feet required by the National Electric Safety Code, which by order of the Corporation Commission of Oklahoma has been fixed as the minimum standard in this state. It was not insulated, however, by reason of its height above the ground none was specifically required. There were no warning signs, as to its being a high voltage line, on the poles near the the house.

The Oklahoma Gas & Electric Company held an easement for the erection, operation and maintenance of a system of poles, wires and other necessary fixtures for the transmission of electric current upon, over and across the west side of the real property in question approximately 2 feet inside the fence line boundary of the public highway right-of-way adjacent thereto.

The plaintiff, Raymond V. Daniel, administrator of the estate of Bobby Lee Daniel, deceased, brought this action against the defendant Oklahoma Gas & Electric Company for damages for the wrongful death. The allegations of negligence were the failure to exercise that high degree of care by one engaged in the manufacture, transportation and sale of electricity, a most deadly and dangerous power, required by the State of Oklahoma, the failure to insulate the wires so as to render them harmless, the failure to give warning to the public, and the failure to provide a switch which could be used to cut off the flow in emergencies.

The defendant in its answer, plead and its testimony so indicates, that the con-

struction of the line in question, by far, exceeds the minimum required by the safety code and it was in no way negligent.

At the close of the trial the court directed the jury to return a verdict in favor of the defendant, finding that there was no negligence on the part of the defendant established.

In presenting the case to this court the plaintiff contends that the trial court misapplied the law to the facts in that the decedent was at his home, where he had a legal right to be, and the defendant owed him the highest duty and was required to exercise caution adequate to the peril of the destructive agency involved.

The decedent was in a place, his home, where he had a right to be. Although he and his brothers, no doubt, would have used better judgment to have awaited for adult help, they had the legal right to erect a television antenna at their home.

By the same token the defendant held an easement for the erection of its poles, approximately 2 feet within the highway right-of-way fence line, for the transmission of electricity.

The minimum safety requirement had been met. It is apparent that defendant has fulfilled its duty unless by reason of the location of the line on the property, taking into consideration the location of the building thereon and whether or not the probabilities were such that a person rightfully thereon might come in contact with the uninsulated wire required a standard of care beyond the minimum set forth in the code.

■ This court has, without exception, held that an electric company transporting and selling electricity for a profit, a known deadly and dangerous, though useful product, owes a greater degree of care and precaution in its use than that of property of a less dangerous character, the care and duty

demanded being commensurate with the danger. It is not, however, an insurer against unforseen and unavoidable accidents. Ladow v. Oklahoma Gas & Electric Co., 28 Okl. 15, 119 P. 250; City of Marlow v. Parker, 177 Okl. 537, 60 P.2d 1044; City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128; Earl W. Baker Utilities Co. v. Haney, 203 Okl. 91, 218 P.2d 621. Thus where its power line is in compliance with the law, safe for all usual and ordinary uses, and in a place where it legally had a right to be, an electric company is not guilty of negligence for failure to anticipate a use that under the circumstances is unnecessary. Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P.2d 750; Kaw City v. Johnson, 202 Okl. 6, 209 P.2d 699. In addition it has been held that in the absence of unusual conditions the meeting of the requirements of the Corporation Commission of Oklahoma and National Safety Code constitutes the exercise of due care and prima facie evidence of the absence of negligence. Rudd v. Public Service Co. of Oklahoma, D.C., 126 F.Supp. 722.

■ The evidence adduced is insufficient to indicate that there existed any unusual condition which would require a greater degree of care than meeting the requirements of the Corporation Commission and the National Safety Code. This being true the evidence in behalf of the plaintiff was insufficient to establish any negligence on the part of the defendant, and the trial court correctly directed the jury to return a verdict in favor of the defendant.

Affirmed.

DAVISON, HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

WELCH, C. J., and WILLIAMS, J., dissent.