Mrs. W. J. LYONS, Plaintiff In Error,

v.

VALLEY VIEW HOSPITAL, Ada, Oklahoma, a corporation, Defendant in Error.

No. 38352.

Supreme Court of Oklahoma.

June 23, 1959.

John B. Ogden, Oklahoma City, King & Wadlington, by Carloss Wadlington, Ada, for plaintiff in error.

A. W. Trice, Ada, for defendant in error.

HALLEY, Justice.

The plaintiff sued defendant for injuries sustained from a fall upon the floor in one of the rooms in defendant's hospital. At the trial the jury allowed her nothing.

The plaintiff raises only two points for reversal of this case. The first is:

"The court erred in giving to the jury the court's Instruction Numbered 17 as follows, to-wit:

" 'The mere fact that the plaintiff slipped on the floor and fell raises no presumption of negligence on the part of the defendant. Negligence must be proved like any other fact and is never presumed, and when proved must be shown to have been the proximate cause of the injuries complained of.'

to which plaintiff in error duly excepted."

The second is:

"The court erred in overruling the motion of plaintiff in error for a new trial as amended by the Amendment to said motion for new trial and said court erred in not granting the plaintiff in error a new trial for the reason that a disqualified juror failed to reveal certain matters showing his bias and prejudice against plaintiff in error and in favor of the defendant in error on his examination on voir dire, which matters should have been disclosed by him at that time and because by reason thereof the plaintiff in error was prevented from having a fair trial."

■ We see no error in Instruction 17 about which the plaintiff complains. Cases are legion in which we have held that the mere happening of an accident raises no presumption of negligence on the part of the defendant. The alleged negligence must be proved like any other fact. Jenkins v. Davis, 111 Okl. 191, 239 P. 135; Patrick v. Oklahoma City, 170 Okl. 545, 41 P.2d 103; Tweed v. First National Bldg. Corp., 203 Okl. 31, 218 P.2d 356; Bison Transports v. Fraley, 205 Okl. 520, 238 P.2d 835.

■ As to the plaintiff's second proposition we find no error that would justify reversal. The charge is made that a juror failed to reveal certain matters that would have shown bias and prejudice against the plaintiff. No record was made on the voir dire examination of the jurors at the trial. The evidence brought out when the motion for new trial was presented reveals no ground upon which the juror, whose right to serve is now questioned, could have been challenged for cause. 12 O.S. 1951, § 572, is specific as to the grounds for challenging a prospective juror for cause. He answered every question asked him correctly.

■ When all the jurors in the box were asked to hold up their hands if they knew, or were represented by the attorney for defendant, the juror now challenged held up his hand but counsel for plaintiff contends they did not see him. The trial judge, the juror himself and a bystander all testified the juror did hold up his hand. From the record the trial judge was justified in overruling the motion for new trial on this point.

The plaintiff relies on the case of Stillwell v. Johnson, Okl., 272 P.2d 365, but that case is so different on the facts from the case at bar it will have to be disregarded. There the juror incorrectly answered questions put to him on his voir dire examination and a new trial was granted. Here the juror correctly answered all interrogations and a new trial was denied. Attorney for defendant had drawn a will for the juror four or five years previously and was counsel for the company of which the juror was president. There was nothing to show that the juror was prejudiced against the plaintiff.

The ruling of the trial court in this case is in harmony with our holding in Jamison v. Oklahoma Power & Water Co., 185 Okl. 103, 90 P.2d 419.

Judgment affirmed.