CARROLL, Judge.
This is an appeal by the plaintiffs below from a judgment entered on a jury verdict in a personal injury action.
Mark Napolitano, six years of age, filed an action through his father as next friend against Jeffrey Feldman, aged seven years, and Robert Unger, aged eight years, for damages for personal injuries alleged to have been proximately caused by negligence of the defendants. The senior Napolitano joined in the action, seeking derivative damages.
A jury trial resulted in a verdict in favor of the plaintiffs, in which $1,500 was awarded to the plaintiff parent, and zero damages were assigned to the minor plaintiff. The damages were awarded against the two defendants. Judgment was entered on the verdict, and the plaintiffs appealed.
Appellants claim inadequacy of the verdict for failure to award damages to the minor plaintiff. The defendant Feldman cross-assigned error, contending the trial court erred in denying his motion for directed verdict, claiming insufficiency of the evidence to entitle the jury to render a verdict against him.
*235 In short summary, the facts disclosed by the record were the following. Feldman and Unger brought some matches and a can containing gasoline to the fenced-in rear yard of the Napolitano residence, where Mark Napolitano and another child (not a party to this action) were engaged in play. Feldman and Unger proposed that they make a fire, to which Mark assented. Feldman or Unger poured some gasoline upon a quantity of Easter grass piled onto a plastic toy boat on the lawn; and the other (Feldman or Unger) ignited the fire with a match. The evidence was in conflict as to whether Mark Napolitano took part in the burning activities. One of the defendants poured more gasoline onto the fire, which expanded and blazed back to the can, igniting the gasoline therein. At that point there was considerable confusion and running around. Mark ran toward a dock which was near by, intending to get water with which to attempt to put out the fire. Unger hurled the burning gasoline can in the direction of the dock, with the unfortunate result that it struck or otherwise splashed burning gasoline onto Mark, causing him to suffer first, second and third degree burns for which he was treated in a hospital, at an expense to his father of approximately $1,000. There was evidence that future operative treatment would be required costing approximately $500.
It was clear that Mark received painful burns for which he would have been entitled to be compensated in damages if the jury should find in his favor on the issues relating to liability. This the jury did, as evidenced by their verdict in favor of Mark (with no damages allowed, however) and by their verdict to recompense Mark’s father on his derivative claim for medical expenses. In those circumstances we would reverse and remand for a new trial on damages alone,[1] were it not for the fact that the record sufficiently indicates that the jury also appeared to have been confused regarding contributory negligence and as to the law relating to liability of joint tort-feasors.
The failure of'the jury to award any damages to Mark for his established injuries suggests the jury may have reached a conclusion that the extent of Mark’s participation was such as to deprive him of the right to recover. If so, their verdict in his favor and in favor of his father on the derivative damage claim of the latter, was inconsistent. If, however, the jury felt Mark was entitled to recover, then their failure to award him any damages was equally inconsistent.
In addition, the verdict which the jury first submitted, granting damages to the senior Napolitano for $1,500, was in a form which shows the jury attempted to apportion $1,000 thereof against the defendant Unger (who tossed the can containing the burning gasoline) and $500 against the defendant Feldman. On rejecting that damage verdict the trial court supplied the jury with one verdict form, finding for the plaintiffs and for assessing damages against the defendants, after which the jury again retired and later returned the verdict upon which judgment was entered. Appellees argue it was error, at that stage of the case, not to apprise the jury that they were entitled to reconsider the entire case and to supply the jury with all applicable verdict forms. The latter contention has merit.
“It is established that when a verdict is returned for correction the jury may alter it in substance or submit a different verdict. Until a verdict is accepted by the court and recorded the entire cause remains in the hands of the jury. No case is cited and none is found sanctioning the resubmission of less than all the multiple verdicts in a cause. * * * ” Stevens Markets, Inc. v. Markantonatos, Fla.1966, 189 So.2d 624.
Regarding the cross-assignment of the defendant-appellee Jeffrey Feldman, in *236 which he claims the trial court erred in denying his motion for directed verdict, contending it was not shown his negligence, if any, was a proximate cause, we conclude the trial court was not in error, and properly submitted the issue to the jury. See Chowning v. Pierce, Fla.App.1965, 174 So.2d 42; Dabney v. Yapa, Fla.App. 1966, 187 So.2d 381; Brandeis v. Felcher, Fla.App.1968, 211 So.2d 606; McCabe v. Watson, Fla.App.1969, 225 So.2d 346.
In consideration whereof, it is our .opinion that the interests of justice would best be served by retrial of the cause on liability and on damages. Accordingly, the judgment is reversed, and the cause is remanded for a new trial.
It is so ordered.

. See Picket v. Rosen, Fla.App.1968, 214 So.2d 730.