SCHEB, Judge.
The appellant/defendant, W. Paul Resop, seeks reversal of the trial court’s judgment awarding the appellee, Richard G. La-Manna, one-half of a real estate sales commission paid to appellant by John Barger.[1] We refer to the appellant as Resop, the ap-pellee as LaManna and to John Barger as Barger.
LaManna’s action against Resop was based upon an alleged oral contract to share commissions arising out of the sale of Barger’s motel. The parties were both experienced real estate brokers who had previous business dealings together. La-Manna had sold twenty to forty parcels of real estate for Barger during the past several years and had been authorized by Bar-ger to sell his Edgewater Beach Motel for 2.2 million dollars. During a business discussion between the parties, Resop asked LaManna about properties for sale and LaManna mentioned Barger’s motel. Re-sop asked about obtaining information on it and LaManna indicated that they could work together as they had in the past. Through subsequent contacts between Re-sop and Barger, Resop sold Barger’s motel to a third party and received $55,000 in cash and notes as a real estate commission.
There were conflicts in the evidence as to whether LaManna and Resop had entered into an oral contract for Resop to co-broker sale of Barger’s motel with LaManna and, if so, as to the extent of LaManna’s obligations and whether he fulfilled them. The jury, upon proper instructions as to this area, resolved the conflicts in favor of LaManna and returned its verdict in favor of LaManna.' Two points raised on appeal by Resop merit discussion.
First, Resop complains the trial court erred in failing to instruct the jury that it must first determine whether La-Manna did in fact possess a listing for the sale of Barger’s motel. The thrust of Re-sop’s argument is that LaManna did not in fact have anything to share with Resop since LaManna’s understanding with Bar-ger did not include definite terms as to *405 a rate of commission, an element ordinarily included in a listing agreement between an owner and a real estate broker. There was uncontroverted evidence that La-Manna had authority to sell Barger’s motel. The evidence also discloses that it was after Resop’s contacts with LaManna that Resop began to negotiate with Barger and thereafter sold the motel. Since the jury was instructed on the elements necessary to find a valid contract between the parties, including the necessity of consideration consisting of either a benefit to the promisor or a detriment to the promisee, the question of a listing was no longer in issue. In Mangus v. Present, Fla. 1961, 135 So.2d 417, it was held that an agreement to split a real estate commission could be supported by consideration when the plaintiff broker did not have an exclusive listing, since the question of consideration was for the jury.
Secondly, Resop contends the trial court erred in failing to instruct the jury on the question of damages. We agree. LaManna testified that his understanding with Resop, based on their past dealings, was that the commission would be split on a 50/50 basis. On direct examination, he testified that on the past deals they had worked on together, the split was always 50/50 except in one case when it had been on a 60/40 basis, with LaManna receiving the larger share. On cross-examination, he could recall only two deals which he and Resop had worked on which were consummated. One involved a building owned by LaManna, and the other involved a building owned by Resop. LaManna implied the parties had made 50/50 arrangements on other deals which did not materialize.
Resop’s deposition was introduced at trial, his testimony on this point having been:
Q. Did you agree with Mr. LaManna at that time that you would split any commission should the sale materialize on the Edgewater Beach Motel?
A. I would feel certain that we probably said we would split a commission. I didn’t say on a fifty-fifty basis.
Q. What has been your customary practice with Mr. LaManna on commissions? Did you have any set amount that you usually worked out?
A. No.
Q. What did you have in mind, then, when you were thinking about, you may have said, “We will split a commission” ?
A. I didn’t have anything in mind. It would be somewhat dependent in my opinion, be somewhat dependent upon who had acquired the purchaser and how much work was being done by the individuals and that sort of thing as to whether or not you could determine what portion "of the commission would be entitled to myself or anybody else.
Since there was a conflict in the evidence on the question of damages, it was incumbent upon the trial court to submit this question, with appropriate instructions, to the jury for its determination. Hill v. American Home Assurance Co., Fla.App.2d 1966, 193 So.2d 638.
Resop’s requested instruction on damages was somewhat confusing, however, it did incorporate the concept that the jury could render a verdict for damages in any amount not to exceed one-half of the commission received by Resop and to that extent should have been given.
Resop requested the trial court to submit verdict forms to enable the jury to specify an amount of monetary damages in the event it found for LaManna. The court submitted forms of verdict whereby the jury could find only for either the defendant or plaintiff. The jury entered its verdict in favor of LaManna without having *406 the prerogative of awarding damages.[2] Trawick, Florida Practice and Procedure, § 24.4; cf. Napolitano v. Unger, Fla.App. 3d 1970, 237 So.2d 234. After the jury found for the plaintiff, the trial court entered a judgment awarding the plaintiff damages equal to one-half of the amount of the commissions, payable to LaManna in the manner received or to be received by Resop.
Accordingly, we reverse and remand for a new trial on the question of damages alone.[3] Any verdict in favor of LaManna should be reduced to a final judgment in the manner the trial court prescribed in its judgment.
BOARDMAN, A. C and GRIMES, J., concur.

. John W. Barger was originally named as a co-defendant, but a voluntary dismissal was entered as to him prior to the trial.

. “We, the jury find for the plaintiff Richard G. LaManna and against the defendant W. Paul Resop, so say we all.”

. Upon retrial, the trial court could submit a form of verdict from which the jury can determine the percentage of the commissions received and to be received by Resop to be awarded to LaManna.