622 P.2d 510

**Ramon Luis GOMEZ and Rosa Maria Gomez, his wife; and Martha R. de Alcantara, surviving spouse of Mario de Alcantara, deceased, Plaintiffs/Appellees,**

v.

**TUCSON YELLOW CAB CO., an Arizona Corporation, Defendant/Appellant.**

No. 2 CA–CIV 3599.

Court of Appeals of Arizona, Division 2.

Dec. 3, 1980.

Rehearing Denied Dec. 31, 1980.

Review Denied Jan. 20, 1981.

Donald Estes, Zipf & Henderson, and Scott L. Taylor by Donald Estes, Tucson, for plaintiffs/appellees.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

This appeal challenges the trial court's granting a motion in limine regarding the admissibility of evidence and its handling of jury instructions when it returned the jury for further deliberations. We believe the trial court erred in denying the jury an opportunity to change its verdict upon reconsideration and we therefore reverse. In addition, since appellant's first point is apt to arise in a retrial of this case, we will answer that question.

The appeal stems from an automobile accident which occurred in the early morning

hours of June 16, 1977, at the intersection of Campbell Avenue and Irvington Road in Pima County. The driver of appellant's vehicle was northbound on Campbell and the defendant James Gentry was eastbound on Irvington, the intersection being controlled by stop signs on Irvington. Gentry was intoxicated and did not recall the accident. As he entered the intersection he was in a lane designated for right-turn purposes only. As a result of the accident, the driver of appellant's vehicle was killed, as was one passenger in the vehicle. Appellee Ramon Gomez, also a passenger in appellant's taxi cab, was injured.

Gentry had been involved in a prior accident that occurred approximately 20 minutes prior to this accident. He struck a vehicle and immediately left the scene of that accident. Appellant contended that it was entitled to prove the first accident to show a motive for Gentry proceeding at a high rate of speed and to further show that the Gentry vehicle was, at the time of this accident, being driven without the headlights operating. The trial court refused to allow the evidence, forming the basis for appellant's first point on appeal.

After the jury retired, it returned with four verdicts. It had not been given a form of verdict by which a single verdict could be returned in favor of one or both plaintiffs against both defendants. The jury returned a verdict in favor of the deceased passenger against Gentry for $162,000 and a verdict in favor of the deceased passenger against appellant, signed by six jurors only, for $40,500. It also returned a unanimous verdict for the injured passenger against Gentry for $112,000 and a verdict, signed by six jurors, for the injured passenger against appellant for $28,000. After polling the jury and after discussions with counsel outside its presence, the court instructed the jury that these four verdicts constituted a finding of liability against both defendants and gave them two new forms of verdict finding in favor of each plaintiff and against both defendants together for a single sum. Appellant objected to this procedure on the ground that the court was directing a verdict of liability and not allowing the jury to find in favor of either defendant on liability. After reconsideration for about fifteen minutes, the jury returned a verdict in favor of the deceased passenger against both defendants in the sum of $202,500, and in favor of the injured passenger against both defendants in the sum of $140,000.

■ Appellant first contends that the court's ruling preventing it from introducing evidence of the prior accident and the fact that Gentry had fled the scene foreclosed argument that he was proceeding at a high rate of speed without his headlights operating. The injured passenger testified that he saw the headlights on the Gentry vehicle and that both were operating. Gentry did not recall anything for at least 2½ hours before the accident happened. A witness who was driving westbound on Irvington when the accident occurred testified that he did not notice any headlights coming towards him when he was about a half mile away from the accident intersection. He also testified that he was unable to discern whether the lights had been on or were knocked out in the accident. Appellant recognizes that the prior actions of a party are not generally admissible in automobile accident cases, but argues that circumstances of this case make the testimony concerning the first accident admissible. We cannot agree. The trial judge is vested with considerable discretion in determining relevancy and admissibility of evidence. *City of Phoenix v. Boggs*, 1 Ariz.App. 370, 403 P.2d 305 (1965). We believe the trial court was justified in refusing to admit the evidence since the only witness was unable to discern whether or not the lights had been on. The evidence was not relevant or competent to allow the inference which appellant sought. We will not interfere with the trial court's ruling since we see no clear abuse of discretion.

■ The second point raised by appellant concerns the conduct of the trial court regarding the verdicts. When the court returned the jury for deliberation as to damages, it instructed the jury only to fix dam-

ages and not to consider the previous instructions which pertained to liability. Appellant objected to the procedure, maintaining that the jury should have been able to reconsider the entire case, including the issue of liability. We agree. There is no Arizona case on point which the parties or this court have been able to locate. We have found authority for the proposition that it is proper to either resubmit all issues or only the damages issue. See *Southern National Bank of North Carolina v. Pocock*, 29 N.C.App. 52, 223 S.E.2d 518 (1976). We are persuaded, however, that the better view is that until a verdict is accepted by the court and recorded, the entire case remains in the hands of the jury. *Stevens Markets, Inc. v. Markantonatos*, 189 So.2d 624 (Fla.1966). The *Markantonatos* case was cited in *Napolitano v. Unger*, 237 So.2d 234 (Fla.App.1970), the court stating:

"It is established that when a verdict is returned for correction the jury may alter it in substance or submit a different verdict. Until the verdict is accepted by the court and recorded the entire cause remains in the hands of the jury. No case is cited and none is found sanctioning the resubmission of less than all the multiple verdicts in a cause." 237 So.2d at 235.

Florida maintained this position in the case of *Sweeney v. Wiggins*, 350 So.2d 536 (Fla. App.1977). Under Rule 49(c), Arizona Rules of Civil Procedure, the trial court is authorized to return the jury for further consideration of the case if the verdict is not responsive to the issues submitted. We think further deliberation means further deliberation of the entire case and we think the trial court erred in not allowing the jury an opportunity to change its verdict regarding liability until the verdict had been entered.

The judgment is therefore reversed and the case remanded for a new trial.

HOWARD and RICHMOND, JJ., concur.