657 P.2d 912

**Karl D. LUNDQUIST, a single man, Plaintiff-Appellant,**

v.

**Charles SEALES and Lydia Seales, his wife, Defendants-Appellees.**

**No. 1 CA–CIV 5493.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 2, 1982.

Rehearing Denied Dec. 13, 1982.

Review Denied Jan. 25, 1983.

**500**

Robert F. Hughes, Phoenix, for plaintiff-appellant.

Sorenson, Moore, Benham, Garrett & Julian by Theodore A. Julian, Phoenix, for defendants-appellees.

## OPINION

FROEB, Presiding Judge.

This appeal is from judgment entered following a jury verdict in favor of appellees, Charles Seales and Lydia Seales (defendants), and against appellant, Karl D. Lundquist (plaintiff). Appellant raises one issue on appeal: whether the trial court abused its discretion so as to deprive appellant of a fair trial by rereading to the jury only the instruction pertaining to contributory negligence in response to the jury's question as to the proper ruling if both appellant and appellees were found negligent.

Viewing the evidence in favor of upholding the judgment of the trial court, the undisputed facts are as follows. Appellant filed a personal injury lawsuit against appellees on October 30, 1978, charging appellee Lydia Seales with negligence in the operation of her motor vehicle resulting in a collision with the vehicle operated by appellant. The case was tried to a jury. After deliberating for approximately three hours, the jury sent the following note to the court through the bailiff: "What is the ruling if both plaintiff and defendants are found to be negligent?" After discussing the matter with counsel, the court limited its response to rereading to the jury the court's instruction on contributory negligence over timely objection by appellant's counsel. Approximately twenty minutes later, the jury returned with a verdict in favor of appellees. After denial of his motion for new trial, appellant instituted this appeal.

Before addressing the main issue, we take note of a procedural matter. On August 8, 1980, appellees filed, pursuant to rule 6, Rules of Civil Appellate Procedure, a motion to dismiss appellant's appeal upon the ground that it was not timely filed. The motion was denied by this court on August 22, 1980. In their brief, appellees have renewed their motion to dismiss, again alleging appellant's appeal was not timely filed. Absent compelling circumstances, we will not reconsider on disposition of an appeal a motion earlier ruled upon. No such circumstances are present here.

Turning to the issue before us, appellant contends the trial court abused its discretion by limiting its response to the jury's question to the rereading of the following instruction:

The defendant claims that the plaintiff was negligent and that his negligence contributed to cause the plaintiff's injury. Whether contributory negligence is a de-

fense is left to you. If both plaintiff and defendant were negligent, and if the negligence of each was the cause of the injury, the plaintiff should not recover. This means that you must decide two things:

(1) Whether the plaintiff was contributorily negligent, and

(2) If the plaintiff was negligent, whether this negligence should prevent a verdict in his favor.

Appellant argues the court erred by not rereading all of its instructions, or in the alternative by not at least rereading its instruction on causation in addition to the above instruction. We disagree.

■ The method of responding to questions posed by a jury is left to the discretion of the trial court. *R.J. Frank Realty, Inc. v. Heuvel*, 284 Or. 301, 586 P.2d 1123 (1978); *Hollinger v. Jane C. Stormont Hospital, Etc.*, 2 Kan.App.2d 302, 578 P.2d 1121 (1978). In dealing with such matters, the trial court need only respond to the subject requested. *Waddill v. Waddill*, 143 Ga.App. 806, 240 S.E.2d 129 (1977). There is no requirement that the trial court tell the jury more than it wants to know on re-instruction. *R.J. Frank Realty, Inc. v. Heuvel, supra.* Borrowing from the criminal law, we find ABA standard 15–4.3 supportive. It reads:

Additional instructions

\* \* \* \* \* \*

(b) The court need not give additional instructions beyond those specifically requested by the jury, but in its discretion the court *may* also give or repeat other instructions to avoid giving undue prominence to the requested instructions. (emphasis added)

ABA Standards for Criminal Justice, Trial by Jury, Vol. III, 2nd Ed., p. 126 (Tentative Draft approved August 9, 1978). In the analysis following this standard it is made clear that additional instructions are not required when a jury's question may be answered by directing its attention to a *portion* of the original instructions. *Id.* at

129. The purpose of re-instructing the jury is to clarify the jury's uncertainty. *Bollenbach v. United States*, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946). This was adequately accomplished by the trial court in rereading the instruction on contributory negligence.

We do not read *Southern Pacific Co. v. Wilson*, 10 Ariz. 162, 85 P. 401 (1906) as requiring the trial court to reread all instructions in response to a jury question, as appellant suggests. In that case, the trial court responded to the jury's request for further instructions [1] by rereading all of its instructions. In affirming the judgment the supreme court held only that the trial court had not abused its discretion. The opinion is silent regarding the necessity of rereading all instructions.

The next question raised by appellant is whether the rereading of the contributory negligence instruction sufficiently addressed the jury's question. We hold that it did and affirm the judgment of the trial court.

The question posed by the jury is not vague or imprecise, but specifically addressed only the issue of contributory negligence. Appellant argues that a proper response should have included reinstruction on causation. The contributory negligence instruction, which reads, in part, "[i]f both plaintiff and defendant were negligent, and if the negligence of each was the *cause* of the injury, the plaintiff should not recover" (emphasis added), does address causation. In our opinion, it was unnecessary to redefine causation as that term was used in the instruction. *City of Altus v. Wise*, 193 Okl. 288, 143 P.2d 128 (1943) supports this view. There, in response to the jury's question on the effect of defendant's negligence, the trial court instructed that "if the defendant was guilty of any negligence, however slight, which was the proximate cause of the injury 'as proximate cause is defined in the instructions' plaintiff would be entitled to recover...." 193 Okl. at 292, 143 P.2d at 132. Defendant argued the jury should have been re-instructed on the law of proxi-

---

1. The opinion does not indicate what matters the jury requested be clarified.

**502**

mate cause. The Oklahoma Supreme Court disagreed, stating that the jury had already been instructed on proximate cause and that: "Every separate paragraph of the instructions need not define every term therein used. It is sufficient if the instructions, when considered as a whole, correctly state the law applicable to the issues." 193 Okl. at 292, 143 P.2d at 132. We agree.

Thus, in light of the trial court's prior instruction on causation,[2] we cannot say that the trial court abused its discretion in re-instructing only on contributory negligence. *See State v. Dickey,* 125 Ariz. 163, 608 P.2d 302 (1980) (additional instruction, given in response to question whether jury had to have one hundred percent agreement on self-defense verdict before proceeding to next possible verdict, was not misleading because it did not say the jury should return "not guilty" verdict if it had reasonable doubt over self-defense, and thus did not constitute fundamental error where there was no indication that jury did not understand earlier instructions that fully explained law of self-defense, state's burden of proof and effect of reasonable doubt). We reject the argument that giving the instruction without more amounted to directing a verdict for one of the parties, *Gomez v. Tucson Cab Co.,* 127 Ariz. 563, 622 P.2d 510 (App.1980), as well as the argument that the court unfairly placed undue emphasis on returning a verdict for one of the parties. *Sisk v. Ball,* 91 Ariz. 239, 371 P.2d 594 (1962); *Bean v. Gorby,* 80 Ariz. 25, 292 P.2d 199 (1956). *Smith v. Chardak,* 291 Pa.Super. 173, 435 A.2d 624 (1981); *Arnold v. McAdams,* 492 S.W.2d 224 (Tenn.App. 1972); *Bottard v. Schoemborn,* 157 Conn. 194, 251 A.2d 79 (1968); *Tucker v. Gillette,* 6 Mich.App. 210, 148 N.W.2d 525 (1967), relied upon by appellant, are distinguishable on their facts.

For the reasons stated, we affirm the judgment of the trial court.

GRANT and GREER, JJ., concur.

**2.** The trial court's instruction on causation reads in part, "Negligence causes an injury if it helps produce the injury, and if the injury would not have happened without the negligence."