HARRIS & COMPANY *et al. v.* LAMAR, receiver.

1. When upon the hearing of a rule nisi against a receiver, requiring him to show cause why he should not be attached for disobedience of an order or decree directing him to pay over money to the movant, evidence in the latter's favor was introduced without objection, it was the duty of the judge to consider the same in making up his judgment, though no written traverse of the receiver's answer had been filed.
2. In view of the answer filed in the present case, and of the evidence submitted at the hearing, it was error to relieve the receiver from paying over the sum of money in dispute.

Argued June 22, — Decided August 4, 1897.

Rule against receiver. Before Judge Reese. Hancock superior court. December 14, 1896.

At the August term, 1896, of Hancock superior court, a verdict and decree were rendered in an equity cause arising upon a creditors' petition, finding in the hands of the receiver who had been appointed in that case, after paying his fee, a certain amount, and ordering that he pay instanter certain amounts to certain named creditors, among whom were Harris & Co. and three other firms, whose pro rata share of the fund was $299.97. A rule was brought against him for this amount, and he set up that he had paid $225 of it to E. A. Cohen, one of the attorneys of record for movants, asked that he be allowed credit for such payment, and offered to pay the balance. He attached to his answer a sight draft of Cohen upon him for $100, dated July 29, 1895; a promissory note of Cohen for $100, dated August 7, 1895, payable to respondent, "for value received from the funds in the hands of the said T. R. Lamar as rec'r of case of Schneider *v.* Menkov" (this being the title of the equity cause first referred to); and a check drawn by respondent in favor of Cohen for $25, August 8, 1895. Cohen died before the rule was brought. Respondent alleged in his answer, that before he paid Cohen's draft he was informed by the attorneys for both plaintiff and defendant that the case was settled, and he paid said draft to Cohen as a part of the funds to which he as attorney for plaintiff was entitled; that he paid from said funds the $100 for which he took Cohen's note; that the check for $25 was for costs of interrogatories that had been

taken in the case (apparently in behalf of movants), as shown by an attached account of H. G. Griswold, commissioner; that these payments were made in good faith to Cohen as attorney of record, and though irregular, should be allowed respondent,. and the decree should be reopened and the $225 credited thereon, respondent not being a party to said decree and not bound by it, etc.

The evidence for the petitioners was as follows : If Cohen received any money from the receiver, it was without the knowledge or consent of movants or any of them; nor have any of them ever received any of said money nor any money due them by defendants in the creditors' petition, through Cohen or any other source; nor have they ever received any satisfactory information that any such money was paid out by the receiver; nor have any of them ever authorized Cohen to procure or make any disposition of any money for them except through the regular procedure of the court based upon its decree; nor were any of them indebted to Cohen in any amount. Some time before the verdict and decree were rendered, the receiver approached Dasher, one of movants' counsel, and stated that he had previously loaned Cohen about $225, taking Cohen's notes or paper for the same; that he was aware at the time of the loan that he had no right to let Cohen have said money, but he was overpersuaded by Cohen, whom he regarded as a very clever and honorable gentleman, and considered that he was incurring but little risk, because he felt certain that Cohen's clients would finally prevail in the case and the money would be awarded to them, at which time he would pay over the amount due them less the amount he had loaned to Cohen; but that he had no doubt that before this final award Cohen would have repaid him the money and the clients would never know anything about the loan. He further inquired of Dasher concerning Cohen's estate, and asked advice concerning the advisability of trying to recover from that source the amount loaned to Cohen. Dasher declined to undertake the collection of the amount from said estate. The receiver then asked him to make an effort to get his clients to allow this amount to be retained pro rata out of such sums as might eventually be

awarded them in case they were successful in the suit; stating that he thoroughly understood his position, that he was entirely at their mercy so as far as said sum of money was concerned, because he had knowingly taken the risk of lending it to Cohen individually, which he knew at the time was wrong and against the law, leaving him without any legal recourse except against Cohen's estate. Dasher replied that he would submit the matter candidly to his clients, and if they were willing to allow anything to the receiver under the circumstances, he would be glad to carry out their wishes. He subsequently informed the receiver that he could not assist him, as his clients had never received any benefit from the transaction between the receiver and Cohen, and were not willing to pay Cohen's debts. The receiver furnished to counsel the figures and items upon which they calculated all the amount embraced in the verdict and decree, with the exception of the net amount to be apportioned between the different parties; that is, he gave to counsel, Dasher being one of them, the amount of money he had on hand, and the different items and amounts that he had paid out; and these figures so furnished by him were the amounts included in the verdict and decree, which were rendered in open court in the presence of the receiver, who said that he was pretty certain that the figures were correct but would like to look over them that afternoon and that night. On the following morning Dasher made demand upon the receiver for the amount due his clients. In reply the receiver stated that he had loaned out the funds he held as receiver to a party who lived some distance in the country, and could not procure the money within four or five days, but would do so at that time and would remit different sums due to Dasher's clients by that time. Afterwards Dasher wrote and mailed several letters to Lamar, demanding the sums due his clients, and asking information concerning the payment of the same, but received no reply to any of them.

The receiver introduced no evidence. The court allowed him the $225 as claimed by him; and the movants excepted. They also assign error upon the allowing of the receiver, over their objection, to read as part of his answer the draft and note

of Cohen thereto attached, they not having been tendered in evidence, the ground of objection being that their execution had not been proved.

*Dasher, Park & Gerdine*, for plaintiffs.

*Little & Whitehead*, for defendants.

FISH, J. Even if section 4775 of the Civil Code, providing that the officer called on by rule nisi shall fully respond in writing, under oath, "and if the answer is not denied, the rule shall be discharged, or made absolute, according as the court may deem the answer sufficient or not," applies to the answer of a receiver to a rule nisi requiring him to show cause why he should not be attached for disobedience of an order or decree directing him to pay over money to the movants, yet where evidence in the movants' favor, tending to support the averments in the petition for the rule and to disprove the allegations in the answer, was introduced without objection, it was the duty of the judge to consider such evidence in making up his judgment, although no written traverse of the receiver's answer had been filed.

2. In view of the answer filed in the present case, and the evidence submitted at the hearing, it was error to relieve the receiver from paying the sum of money in dispute.

*Let the judgment of the court below be reversed. All the Justices concurring, except Cobb, J., disqualified.*