### 1380.  KIMBERLY *v.* THE STATE.

RUSSELL, J.  1. The trial judge may properly overrule a motion for a
continuance, even where all the statutory requirements for procuring
the presence of a witness who is absent have apparently been complied
with, if a counter-showing has been made by which it is satisfactorily
made to appear to him that the real purpose of the continuance is
merely to secure delay.  The credibility of witnesses introduced in sup-
port of a motion for continuance, and upon a counter-showing thereto,
respectively, is to be determined by the trial judge, and his discretion

in refusing a continuance, where a counter-showing is made, will not be controlled, unless manifestly abused.

2. In a case in which it appeared that the accused relied, for his defense, upon the right of a parent to protect his child, and in which it appeared, from the evidence, that his son and another young man were quarreling, it was not reversible error to charge the jury, that "in order for the parent to be justified in taking the part of his child, the child would have to be justified in what it was doing; in other words, if the child was justified in it, the parent would be justified; but if the contrary appear, he would not be justified," where this instruction was immediately qualified by the statement: "provided the parent knew of the want of justification in the child." As a general rule, a parent has the right to protect his child from any assault; but under the evidence in this case, even the instruction given was as favorable as the defendant was entitled to receive.

3. The charge upon the subject of opprobrious words as a justification was erroneous, because not justified by evidence that opprobrious words were used. Threats of personal violence are not necessarily opprobrious or abusive, and the language used by the court, though inappropriate, suggested a defense to which the defendant was not entitled.

4. Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry.          *Judgment affirmed.*

Accusation of assault and battery, from city court of Eastman —Judge Griffin. August 22, 1908.

Submitted October 8,—Decided October 12, 1908.

*John F. DeLacy,* for plaintiff in error.

*W. M. Morrison, solicitor,* contra.