### ELLIS *v*. ELLIS.

HOLDEN, J. 1. Where an affidavit offered in evidence by the plaintiff purported to be sworn to and subscribed before S. O. Smith, as deputy clerk, to the admission of which objection was made by the defendant on the ground "that it did not appear what Smith was deputy clerk

of," and when such objection was made counsel for the plaintiff "stated in his place that S. O. Smith was deputy clerk of the superior court of Haralson county and that he saw said Smith attest said affidavit," which statement appears as a part of the brief of evidence set forth in the bill of exceptions, to which no objection was made, the court did not err in admitting the affidavit in evidence over the objection named.

2. The deputy clerk of the superior court is competent to administer oaths and attest affidavits to be used as evidence in judicial proceedings. Civil Code, §§ 4359, 4362; *Ballard* v. *Orr*, 105 *Ga.* 191 (31 S. E. 554); *Biggers* v. *Winkles*, 124 *Ga.* 991 (53 S. E. 397).

3. When upon the hearing of a rule nisi issued at the instance of the wife against the husband, requiring him to show cause why he should not be attached for disobedience to an order or decree directing him to pay over to the movant a certain sum as temporary alimony, evidence in the latter's favor was introduced without objection, it was the duty of the judge to consider the same in making up his judgment, though no written traverse of the husband's answer had been filed. *Harris* v. *Lamar*, 102 *Ga.* 154 (29 S. E. 162).

4. The judgment rendered in this case was supported by the evidence, and no error was committed in granting the attachment for contempt. *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

MARCH 19, 1910.

Rule for contempt. Before Judge Wright. Floyd superior court. August 30, 1909.

*M. B. Eubanks,* for plaintiff in error.

*Griffith & Matthews,* contra.