## 36023. DAVIS, *alias* PREACHER v. THE STATE.

GARDNER, P. J. The defendant was tried for murder and convicted of voluntary manslaughter in the killing of his son, Henry Davis, Jr. A motion for a new trial was filed on the statutory grounds and thereafter three special grounds were added. Since the case is being reversed on a special ground, we will not discuss the general grounds.

1. Special ground 1 assigns error because the charge of the court was misleading to the jury. This assignment of error is without merit.

254

2. Special ground 2 assigns error because it is alleged that the charge of the court took away from the jury the right to consider accidental shooting. This special ground is without merit.

3. Special ground 3 assigns error because the court failed to charge the law of involuntary manslaughter. The pertinent facts as to this ground reveal that Asa Berrien and the defendant became engaged in a controversy concerning whisky which the defendant had sold to Asa Berrien. Berrien remarked that he was going to get a gun. He went to his brother's home and endeavored to secure a gun. The brother refused to let him have it. Upon Asa Berrien's making the remark that he was going to get a gun, the defendant put a pistol in his pocket and walked out in front of his store or place of business. When Jesse Berrien (a brother of Asa Berrien) and the defendant met on the outside of the defendant's place of business the defendant and Jesse Berrien became engaged in a struggle over the defendant's pistol. Each of them had hold of the pistol. During this struggle the deceased, the son of the defendant, walked up near his father, the defendant. The defendant contended that he was trying to shove Jesse Berrien from the dark into the light when Jesse grabbed the defendant. The deceased remarked: "Daddy, look out." During the struggle over the pistol the gun fired and killed the son of the deceased. There was no evidence that the son was endeavoring to attack the father or that there was any sort of difficulty between them.

The evidence authorized the conclusion that the defendant was in the commission of a lawful act in his struggle with Jesse Berrien when the gun went off and killed the son. Under these circumstances and under the evidence, we conclude that the commission of a lawful act without due caution and circumspection involved involuntary manslaughter and the court should have submitted this principle of law to the jury, without a request to do so. There is no evidence that the defendant knew that his son was there until his son called out: "Look out, Daddy, he is coming with a gun." See *Ridley* v. *State*, 81 *Ga. App.* 737 (3) (60 S. E. 2d 249), and *Hagin* v. *State*, 86 *Ga. App.* 92 (70 S. E. 2d 795). There are numerous other authorities to the same effect that where there is any doubt as to whether or not the evidence involves involuntary manslaughter, as in the instant case, it is reversible error for the court not to charge on this principle of law. Special ground 3 shows reversible error.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED JANUARY 25, 1956.

*R. U. Harden, D. B. Smith, H. Cliff Hatcher*, for plaintiff in error.

*George Hains, Solicitor-General*, contra.