## 46595. McCRARY v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals from a conviction of criminal trespass in a barbershop and burglary in a cafe. *Held:*

1. In respect to the offense of burglary of the cafe counsel for the defendant at the trial adduced on cross examination hearsay testimony from the proprietor to the effect that the owner of a cigarette vending machine located on the premises related to him "there was 22 packages of cigarettes out of the machine" as to which he then made no objection, and as to which there is no ruling on admissibility. In the motion for new trial and on appeal it is insisted that the trial judge on his own motion and in the absence of objection was under a duty to act to prevent the jury from considering the testimony.

Whatever the rule in other jurisdictions, inadmissible hearsay is without probative value to support a verdict in this State. See Green's Georgia Law of Evidence, p. 501, § 222. But nevertheless, also in Georgia, "from the earliest times, failure to raise a given point of evidence law at the trial has been held to waive it." Green, supra, p. 32, § 12. And the "verdict will not be set aside merely because evidence without probative value was admitted, if no objection was made." Green, supra, p. 44, § 14. A fortiori, where as here, the testimony at the trial was adduced by counsel for the party who now asserts error. Also, see *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576 (1) (103 SE2d 583).

2. The remaining enumeration is addressed to the sufficiency of the evidence to support an intent to steal with respect to the conviction of burglary. The cafe was not open for business, and the defendant was seen inside. There is some evidence of unlawful entry. The defendant in his statement to the jury explained his actions thusly: "I didn't know where I was. I was drinking. So the police were coming up that street and I tried to get out of the way and I saw the door open about that far and I opened it. I went in there . . . [but] I didn't break in there to steal nothing." Testimony for the State contradicts his contention that he was drinking. While there is no admissible

evidence of actual theft, what is necessary to convict is an intent to steal. Intent involves a state of mind which can only be shown by inference from the circumstances, absent an admission or confession. The weight, if any, to be given to the statement of the defendant was for the jury, and the jury could choose to reject his denial of an intent to steal, and infer the requisite intent from the circumstances surrounding his entry and presence in the building.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
SUBMITTED OCTOBER 6, 1971—DECIDED OCTOBER 20, 1971.

*Charles R. Adams, Jr.*, for appellant.

*Jack J. Gautier, District Attorney, Stephen Pace, Jr.*, for appellee.