## 31423. ALBERSON v. ALBERSON.

PER CURIAM.

Appellant-defendant husband and appellee-plaintiff wife were married by a ceremony in 1972. After several years of marriage the couple separated in January 1975. Suit for divorce was filed, apparently to satisfy demands of the husband's father. The next month the couple resumed living together in the same manner as before. Subsequently a final divorce was entered in March 1975. The couple nevertheless continued to live together as husband and wife until June 1975. Admitted into evidence was a job resume signed and used by the defendant after the divorce, which showed that he was married to the plaintiff. A child was born in December 1975.

The wife sued for a second divorce which was granted in May 1976, and the husband was ordered to pay $150 per month child support. The jury found there was a common law marriage between the two following the first divorce. The husband asks that we reconsider *Brown v. Brown,* 234 Ga. 300 (215 SE2d 671) (1975), on the issue of present intent to marry to see if it conforms to the earlier cases exemplified by *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608) (1943). We find no conflict in the holdings of these decisions. In proving an actual contract of marriage, it is not essential to show a public or private de facto ceremony between the parties. *Drawdy v. Hesters,* 130 Ga. 161 (6) (60 SE 451) (1908).

In the case before us there was sufficient direct and circumstantial evidence of a present agreement of

common law marriage after the first divorce to support the jury's verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 28, 1976.

*Malone & Percilla, Thomas Wm. Malone,* for appellant.

*Black & Black, Eugene C. Black,* for appellee.