### 52939. DEMPS v. THE STATE.

MARSHALL, Judge.

Appellant Demps appeals his conviction of the offense of voluntary manslaughter and a sentence of ten years, comprised of six years confinement followed by four years probation. He enumerates as error portions of the charge of the court and that the conviction is against the weight of the evidence. *Held:*

1. In his first two enumerations of error, appellant contends that the trial court erred in mixing a charge on the principles of justifiable homicide together with a charge on the law of voluntary manslaughter, and in

failing, sua sponte, to reinstruct on the theory of justifiable homicide when the jury requested a specific reinstruction on the law of murder (the original offense charged) and voluntary manslaughter.

We have carefully examined the charge of the court on the issues presented by the evidence. We note that appellant does not contend that the principles of law contained in the charge of the court were incorrect, only that they were confusingly mixed. The court clearly instructed on the theory of self-defense, distinguishing between self-defense and mutual combat and concluded by advising the jury of its duty to acquit if the shooting was justified. It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). We find the charge in this case to be free of that state of confusion attributed to it by appellant.

Moreover, where the jury, after having been charged by the court, returned into court and requested an instruction upon a specific question, it was not error for the judge to confine his recharge to the specific point suggested by the jury's inquiry. *Kimberly v. State,* 4 Ga. App. 852 (4) (62 SE 571). It is within the court's discretion to recharge the jury in full or only upon the point or points requested. *Shouse v. State,* 231 Ga. 716 (13) (203 SE2d 537). Particularly in the absence of a request for a recharge by appellant on the law of justification, we will find no abuse of discretion. *McFarland v. State,* 109 Ga. App. 688 (137 SE2d 308).

2. In his third enumeration of error, appellant complains that the trial court erred in overruling his objection to a portion of the state's closing argument. The thrust of the argument to which objection was made was to call to the attention of the jury that it had an interest in proper law enforcement. This line of argument has been approved in the case of *Terhune v. State,* 117 Ga. App. 59 (5) (159 SE2d 291). This enumeration is without merit.

3. Appellant urges the court erred in accepting a verdict of guilty of "manslaughter" without a designation of the degree. Appellant acknowledges that it is the law of

this state that a finding of guilty of "manslaughter" has the legal effect of finding the accused guilty of voluntary manslaughter. *Welch v. State,* 50 Ga. 128. Under the charge of the court and the facts of the case, voluntary manslaughter was the only degree of that offense the jury could have returned. There was no error.

4. In his final enumeration of error, appellant asserts that the weight of the evidence was against the verdict of the jury. The weight of the evidence is addressed to the trial court alone, not an appellate court. Even where an appellant proceeds directly by notice of appeal rather than by motion for new trial, the appellate courts undertake only to determine the sufficiency of the evidence, not to weigh it. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). The evidence here was amply sufficient to support the verdict.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED OCTOBER 21, 1976.

*Saliba & Newsom, Walter F. Newsom,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.