## 52706. ELLIS v. CHEM-TECH FINISHERS, INC.

BELL, Chief Judge.

Plaintiff sued the defendant on a surety contract which obligated defendant to pay for the purchase of goods sold to a third party by plaintiff. The jury returned a verdict for plaintiff and a judgment was entered for $39,436.15, the amount claimed in the complaint. On appeal the defendant, while admitting liability to plaintiff, asserts only that the amount of the judgment was erroneous. The pertinent facts are not in dispute. The contract was executed on October 28, 1975. Prior to this date plaintiff had extended credit to the third party in the amount of $32,953.18 and $6,482.92 after the execution of the contract. *Held:*

Defendant argues that he is only liable for the lesser amount. He contends that under the terms of the contract defendant was only liable for plaintiff's extension of credit after October 28, 1975. The agreement provided in part that "This contract shall operate for the benefit of the corporation named above [plaintiff] .... and shall cover all liabilities of said customer [third party] in connection with all contracts made with you, whether heretofore

made or may hereafter be made. . ." This language is clear and unmistakable and specifically includes the prior liability of the third party as well as the liability which defendant admits.

It is also contended that as to the credit extended prior to the execution of the contract, no consideration flowed to defendant. Past consideration will not support a contract of suretyship. *Musgrove v. D. E. Luther Pub. Co.,* 5 Ga. App. 279 (63 SE 52). But if the contract expressly guarantees past and future advances, in consideration of future advances to be made, it is sufficient as to the whole. *Hargroves v. Cooke,* 15 Ga. 321. The contract here falls within this rule.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED OCTOBER 25, 1976.

*Walter H. Bolling,* for appellant.
*McCamy, Minor, Phillips & Tuggle, Joseph T. Tuggle, Jr.,* for appellee.