## 53853. QUARLES v. THE STATE.

Banke, Judge.

Quarles was convicted of possession of marijuana and sentenced to five years in prison. He appeals the denial of his motion for new trial.

The Murray County sheriff received information that marijuana was growing in a certain area of the county. He sent two deputies to investigate and to stake out the area should the information prove to be true. They found five fields containing rows of corn with marijuana growing between the cornstalks. On the second day of the stakeout, the appellant arrived on a tractor and commenced cultivating the fields. He was arrested shortly thereafter, and approximately 1,000 pounds of marijuana were seized. The evidence at trial showed that the appellant was the lessee of the fields.

1. The appellant enumerates as error the overruling of his motion to suppress, contending that he was arrested without a warrant and without probable cause and that the marijuana was, therefore, seized as the fruit of an illegal arrest. This argument is without merit. The deputies had reason to believe that the appellant was in possession of the marijuana due to the fact that he was cultivating it. They therefore had probable cause to believe a crime was being committed in their presence and to arrest without a warrant. Code Ann. § 27-207 (Ga. L. 1975, p. 1209). See *Williams v. State,* 129 Ga. App. 103 (198 SE2d 683) (1973). Furthermore, no search was involved here. The marijuana was simply gathered from an open field.

2. The appellant contends the evidence does not support the verdict since there was testimony that other persons had equal access to the field. However, the

evidence also showed that the appellant had rented the field; that the marijuana plants had been carefully planted and cultivated; that they were clearly visible and that the appellant was in the process of cultivating the crop when he was arrested. The jury's determination that the appellant was knowingly in possession of the plants was, therefore, amply justified. See *Goode v. State,* 130 Ga. App. 791 (2) (204 SE2d 526) (1974).

3. Defense counsel objected to the following comment made by the district attorney during closing argument. "Intent is within a person's mind. It would be good if we had a machine so that we could set a person down in a chair and probe their mind and pull out of their mind what their intentions were." We do not agree that this comment constituted error in that it improperly directed the jury's attention to the appellant's failure to testify. Rather, it came as the district attorney was explaining his position that certain conclusions as to the appellant's intent could be drawn from the circumstantial evidence. The remark would have had the same meaning had the appellant denied his guilt on the witness stand.

4. The appellant enumerates as error the trial court's failure to give his requested charges on the standard of proof required in circumstantial evidence cases. The court's charge adequately and correctly covered the principles set forth in the requested charges. Accordingly, it was not error to refuse to charge in the exact language requested by the appellant. See *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52) (1970); *Quaid v. State,* 132 Ga. App. 478 (6) (208 SE2d 336) (1974).

5. The appellant also objected to the court's recharging the jury on constructive possession without also recharging that mere presence did not prove constructive possession where others had equal access. "In giving a recharge requested by the jury, the court is not bound to repeat all of the law favorable to the defendant. *Hatcher v. State,* 18 Ga. 460 (5)." *Carrigan v. State,* 206 Ga. 707 (10) (58 SE2d 407) (1950). The enumeration of error on this point is accordingly without merit.

6. The appellant enumerates as error the so-called "Allen" charge given by the trial court following ap-

proximately one-half day of deliberation by the jurors, urging them to reach a verdict if at all possible. The charge given was proper and did not have the effect of shifting the burden of proof as contended by the appellant. See *Ratcliff v. Ratcliff*, 219 Ga. 545 (134 SE2d 605) (1964); *Spaulding v. State*, 232 Ga. 411 (4) (207 SE2d 43) (1974).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 9, 1977 — DECIDED MAY 25, 1977.

*Kinney, Kemp, Pickell, Averett & Sponcler, Finn, Donehoo & Cunningham, Dean B. Donehoo, Allen F. Wallace,* for appellant.

*Charles A. Pannell, Jr., District Attorney,* for appellee.