## 54345. WADDILL v. WADDILL.

QUILLIAN, Presiding Judge.

Laura Alligood Waddill and Harvie E. Waddill lived together from November, 1974 until Mr. Waddill's death, October 29, 1976. Mr. Waddill had previously divorced his first wife, Mary Lou Waddill. There were two children of that marriage. On November 1, 1974 when Mr. Waddill first cohabited with Laura Alligood, he was a divorced person, but Laura Alligood did not receive a final decree of divorce until May 17, 1976. Their cohabitation continued thereafter until Mr. Waddill's death.

After his death, his first wife, Mary Lou Waddill petitioned for letters of administration, alleging she had "been selected by the next of kin" of the deceased — his two children. Laura Waddill filed a caveat, alleging that she and Harvie E. Waddill became engaged and lived together "as man and wife" from November 1, 1974 until his death. The probate court ordered the caveat dismissed and Mary Lou Waddill was appointed permanent administrator of the estate of Harvie E. Waddill. Laura Waddill appealed to the superior court. The jury found that a common law marriage existed between Harvie E.

and Laura Waddill, and found for the plaintiff. The defendant, Mary Lou Waddill, appeals. *Held:*

1. Laura Waddill testified that she obtained a divorce on May 17, 1976. She offered in evidence a copy of the decree and defendant objected on the ground that "it is not the highest and best evidence." The court reserved ruling. When the evidence was reoffered, the court stated this was "signed by Katherine F. Melton, Clerk of the Superior Court. . ." "The objection offered . . . is that as a matter of his common knowledge Katherine F. Melton is not the clerk of Bibb Superior Court, that Adam Greene is . . . I might say that it is also common knowledge that Katherine F. Melton is a deputy clerk of that court. . . " The objection was overruled and the document admitted.

This court held in *Cowan v. State,* 130 Ga. App. 320, 321 (203 SE2d 311), "[t]he 'public officer,' whose certification authenticates copies of records, etc., under Code § 38-601, is not expressly required by that statute to be commissioned by the governor . . . '[a] deputy officer may properly certify for the chief officer nominally having custody. . .' " Thus, whether the authenticating official was the clerk or the deputy clerk, the document was admissible. *Ellis v. Ellis,* 134 Ga. 287 (2) (67 SE 819); *Pressley v. State,* 207 Ga. 274, 277 (61 SE2d 113); *Spurlin v. State,* 228 Ga. 763, 766 (187 SE2d 856); *Musgrove v. State,* 230 Ga. 46 (195 SE2d 407).

2. A witness testified that she visited in the home of Laura and Harvie Waddill and, "Laura's clothes were in the home; she cooked for him; they slept together" and then stated, "they lived together as man and wife." Defendant objected to this latter observation as "a conclusion, the ultimate issue for the jury to decide." The court permitted the testimony to remain in but ruled, "I don't know that her characterization of that would have any probative value. With that cautionary instruction to the jury, I will let you proceed." The objection was not renewed after the ruling and the cautionary instruction.

We do not find the remark to be so inherently prejudicial as to require reversal. *Dept. of Transportation v. English,* 135 Ga. App. 425, 427 (218 SE2d 134). Especially when the court instructed the jury that the remark would have no probative value (*Flournoy v. State,*

82 Ga. App. 518 (1) (61 SE2d 556)) and the objection was not renewed and no motion for mistrial was made. See *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363, 365 (4) (180 SE2d 743); CPA § 46, Code Ann. § 81A-146 (Ga. L. 1966, pp. 609, 655). If defendant was dissatisfied with the court's instructions, it was incumbent upon him to request further instructions, renew his objection, or request a mistrial. *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363 (4), supra; Cf. *Martin v. State,* 132 Ga. App. 658 (3) (209 SE2d 103); *Pitts v. State,* 141 Ga. App. 845 (3) (234 SE2d 682). There was no prejudicial error.

3. Defendant presented a "motion in limine" (at the beginning) that all parties be precluded from addressing the plaintiff as "Laura Waddill" or "Mrs. Waddill" inasmuch as the principal issue in the trial was whether she had perfected a common law marriage with Harvie E. Waddill. Defendant cites *Rooker v. State,* 211 Ga. 361 (1) (86 SE2d 307), which holds that it is proper to exclude a question to a witness which "called for a conclusion by the witness as to matters which could be determined only by the jury. . ." The motion was denied.

During the trial the court did prohibit the plaintiff from testifying that Mr. Waddill introduced her as his wife, and another witness from testifying that the plaintiff and Mr. Waddill "lived together as man and wife." These rulings are in conformance with the rule announced in *Rooker.* However, the plaintiff brought the caveat and the action in superior court in the name of Laura Waddill, and she and Mr. Waddill had been cohabiting together from November, 1974 until October 29, 1976. The plaintiff was subjected to a thorough cross examination of the name she had used during this entire period and the jury was fully aware that she had used the name Laura Alligood on the majority of occasions. Under these circumstances we find no prejudice to defendant in the ruling of the court.

4. Defendant's requested charges two and three were not given by the court. However, the substance of the requested charges were covered in the correct instructions of the court. Accordingly, we find no error. *Thomas v. Thomas,* 233 Ga. 916, 919 (213 SE2d 877).

The jury requested a re-charge on the *"elements* of a

common-law marriage." (Emphasis supplied.) Defendant complains that the re-charge overemphasized what could show a marriage and did not give any of the previous charge of the court as what might disprove a marriage. We find the court correctly recharged on the *elements* of a common-law marriage, which was the specific subject requested. And the judge did include some facts which could be used to establish such a marriage. He did so to emphasize that the burden was on the plaintiff to prove the existence of such relationship to the jury's satisfaction. Further, in giving a re-charge requested by a jury, the court is not bound to repeat all facts or law favorable to the defendant. Cf. *Quarles v. State,* 142 Ga. App. 394 (5) (236 SE2d 139). We discern no harmful error to defendant in the requested re-charge.

5. We have reviewed the evidence of record and find no error in the court's overruling of defendant's motion for a directed verdict and motion for judgment notwithstanding the verdict. *Brown v. Brown,* 234 Ga. 300 (215 SE2d 671). The jury heard the evidence of eighteen witnesses for the plaintiff and eight witnesses for the defendant. They are the final arbiter of credibility and conflicts (*Smith v. Hornbuckle,* 140 Ga. 871, 875 (232 SE2d 149)) and if there is any evidence to support it, an appellate court should so construe the evidence to uphold the verdict. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232). The verdict of the jury is supported by the evidence of record. *Alberson v. Alberson,* 237 Ga. 622 (229 SE2d 409).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 12, 1977 — REHEARING DENIED NOVEMBER 10, 1977 —

*Marvin T. Morrow,* for appellant.
*Nixon & Nixon, John P. Nixon, James H. Harmon,* for appellee.