### 33144. BURNS v. THE STATE.

BOWLES, Justice.

The appellant Ulysses Burns was indicted for the murder of Ethel Lee Smith. Following a jury trial in Ben Hill Superior Court, appellant was found guilty and sentenced to life imprisonment.

The evidence presented at trial showed that on the night of April 15, 1975, appellant went to a bar in Fitzgerald, Georgia, where he met the victim. Soon after meeting, they left the bar together and went to the house of Charlie Bulgie, a friend of appellant. Bulgie gave appellant some vodka and permitted the couple to use his spare bedroom for the night.

According to appellant, he and the victim went to the bedroom and began drinking the vodka. The victim took off all of her clothes. As appellant was taking off his pants, a pistol which he had taken from his sister's trailer, without permission, fell out of his pocket and onto the floor. As he picked it up, it fired. The bullet struck the victim in the head. The appellant fled, taking the victim's purse.

1-2. Appellant complains that the trial court erred in failing to charge, in the absence of request, the law on involuntary manslaughter. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), does not apply as appellant's trial took place before January 27, 1976.

We find no merit to appellant's argument that the victim's death was caused by his carrying a pistol without a license in violation of Code Ann. § 26-2903; and by his discharge of a firearm within fifty yards of a public street in violation of Code Ann. § 26-2909. There was no showing of a causal relationship between appellant's not having complied with the state's licensing laws or being near a public street and the victim's death. Code Ann. § 26-1103 states that a person commits involuntary manslaughter "when he causes the death of another human being without any intention to do so, *by the commission* of an unlawful act. . ." (Emphasis supplied.) The offense is defined so as to require not merely commission of an unlawful act, but the conduct in doing so must be the cause in fact of the victim's death. The problems of legal causation arise in both tort and criminal law, and the one situation is closely analogous to the other. W. Lafave & A. Scott, Criminal Law § 35 (1972). See *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436 (99 SE2d 209) (1957); *Blanchard v. Westview Cemetery, Inc.,* 124 Ga. App. 195 (183 SE2d 399) (1971).

Appellant has shown no evidence to support a charge on involuntary manslaughter on the ground the victim's death was caused by his violation of Code Ann. §§ 26-2903, 26-2909.

The only defense theory pursued by appellant was accident. At no time did he admit to having intentionally fired the pistol or to having intentionally pointed it at the victim. At all times he maintained that the gun went off by itself. The state proceeded to show that appellant was guilty of murder. There was no evidence of involuntary manslaughter in the case. Therefore, it was not error for the court to fail to charge on involuntary manslaughter. *Bonds v. State,* 232 Ga. 694 (208 SE2d 561) (1974); *Jackson v. State,* 234 Ga. 549 (216 SE2d 834) (1975); *Braxton v. State,* 240 Ga. 10 (239 SE2d 339) (1977).

3. Appellant requested the following charge: ". . . if you find that the defendant unlawfully fired a pistol within the city limits of Fitzgerald, Georgia, and in consequence thereof, the life of the decedent was taken . . . [without intent] . . . you would be authorized to find the defendant, Ulysses Burns, guilty of involuntary

manslaughter in the commission of an unlawful act."

The charge was based on violation of a city ordinance. Appellant offered no proof of the municipal ordinance by exemplification of the certified records and minutes of the municipal corporation, nor did he produce the original book of ordinances upon the proper foundation as required by Code Ann. § 38-606. Because there was no proof of the municipal ordinance, no foundation was laid for the charge as requested and it was not error for the judge to refuse to charge the same.

4. Appellant complains that the trial court erred by not granting a mistrial, sua sponte, when a witness for the state testified upon direct examination that appellant had been in prison. It is well settled that a defendant cannot during trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951); *Riggins v. State,* 226 Ga. 381 (174 SE2d 908) (1970); *Jackson v. State,* supra. We find no error.

5. Appellant complains that the trial court erred in overruling his motion for new trial because his conviction was based solely on circumstantial evidence. In the trial court, the jury was charged as to the state's burden of proof beyond a reasonable doubt, and was charged that to convict on circumstantial evidence alone, the proven facts must exclude every other reasonable hypothesis or conclusion except that of the guilt of the accused. The jury found appellant guilty. We find the evidence sufficient to support the jury verdict. It was not error to overrule the motion for new trial on the asserted ground. *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643) (1976).

6. It was not error for the trial court to overrule defendant's motion for any of the reasons set out in appellant's enumerations of error one through five.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 7, 1978 — REHEARING DENIED FEBRUARY 28, 1978.

*Jay, Garden, Sherrell & Smith, Robert E. Sherrell,*

*Bryant H. Bower,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.