## 56054. SEAGRAVES v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

1. It is contended that the trial judge erred in allowing into evidence the fact that the defendant had previously plead guilty to the crime for which he was being tried and in failing to declare a mistrial.

This occurred during cross examination of the defendant and no objection was interposed. Previously the defendant had testified that he was arrested for another burglary and that he "copped out for it." In response to the question, "Have you copped out to any other burglaries that you say you didn't do?" he volunteered "No, I haven't copped out to any more. I copped to this one at first but I figured I was going to get probation, you know. But since they wanted to give me some time —" The following then ensued: "You copped out to which one, first? A. This one.

The one I'm on now . . . [Q.] This burglary involved in Court today?" The trial judge then intervened, ordered the jury taken out and after warning the state's attorney that a mistrial would be declared if that subject was pursued, instructed that the line of questioning be discontinued.

Under the circumstances related and in the absence of an objection or motion, we find no basis for reversal. *Burns v. State,* 240 Ga. 827 (4) (242 SE2d 579).

2. The evidence was sufficient to sustain the verdict.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JUNE 23, 1978.

*Lawrence E. Harrington,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.