## 57127. SMITH v. THE STATE.

DEEN, Chief Judge.

The defendant delivered by van a load of doors to the place of business of a building supply company, and admittedly took from that company's inventory three cases of locks worth over $900 which he placed in the bottom of the van screened by some unused dunnage doors. The sole question is the intent with which the locks were removed from the warehouse.

1. An oral confession of the defendant reduced to writing and signed by him stated that he didn't know why he got the locks, he just got them, probably to try to sell them. The motion to suppress this document based on included statements of a witness, prejudice and lack of voluntariness is not substantiated by the testimony offered. The confession was properly admitted in evidence.

2. The statement of a witness that the boxes "were taken off of the truck before [defendant] could get away with them" was on objection excluded by the court on the ground that it "would be a conclusion of this witness and it would be up to the jury to determine intent of the defendant," the court ruling was in favor of the defendant. A subsequent motion for mistrial was properly overruled, as the corrective measures taken were sufficient. Cf. *Johnson v. State,* 121 Ga. App. 477, 479 (174 SE2d 246) (1970).

3. The remaining enumerations of error are but amplifications of the general grounds. On a charge of theft, the slightest asportation by which dominion of property is transferred from the true owner to the trespasser may complete the offense. *Johnson v. State,* 9 Ga. App. 409 (2) (71 SE 507) (1911); *Ford v. State,* 144 Ga. App. 599 (241 SE2d 481) (1978). Upon the trial of the case the defendant denied portions of the alleged confession and swore that he had placed the boxes of locks under the dunnage doors in the van (where they could not be seen) but had intended to go by the office and pay for them, and later sell them at a profit. However, he did not deny saying that he expected to sell them for $2 apiece where the evidence shows the locks to have been worth about $13

each, nor explain why, if his intent was not larcenous, he removed the locks without mentioning the fact to a company employee who was present and who was actually alerted by noticing movement within the area where the locks were located or hid them in the van under other cargo. The weight to be given the defendant's testimony is for the jury, who may choose to reject his denial of an intent to steal where the latter is supported by circumstances surrounding the defendant's entry and presence in the building. *McCrary v. State,* 124 Ga. App. 649 (185 SE2d 586) (1971). Pictures of the boxes of locks were properly identified and placed in evidence, and the motion for a directed verdict was without merit.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED FEBRUARY 15, 1979.

*Williams & Starling, Donald A. Starling,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.