## 57791. BROWN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for murder. He was tried and found guilty of the lesser offense of involuntary manslaughter in the commission of an unlawful act. He was then sentenced to serve a term of five years. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant and the victim, his wife, were in the process of getting a divorce. They lived in a trailer in the rear of a home owned by the defendant's mother. They were separated, and the defendant had moved in with his mother. There was a family confrontation in the mother's home on the occasion in which the victim was shot and killed. Evidence was offered to infer that both the victim and the defendant were in the process of obtaining custody for themselves of their minor child, and each had accused the other of infidelity. During the evening, shortly before the shooting, defendant obtained possession of a pistol which he had in his hand which subsequently discharged striking the deceased (his wife). In arguing the enumeration of error that the verdict is contrary to evidence and law, and the evidence is insufficient to support a conviction of involuntary manslaughter in the commission of an unlawful act, defendant contends that his sole defense was that of accident, hence the jury having found him not guilty of murder, the only effect was that the shooting arose out of an accident. He contends he could not be guilty of involuntary manslaughter in the commission of an unlawful act. However, the evidence was somewhat conflicting as to how the weapon discharged. While the jury might have determined that it was an accident when the pistol discharged and struck the deceased, nevertheless there was evidence from which the jury could believe that the defendant intentionally and without legal justification pointed the pistol at the deceased (his wife) which is a misdemeanor. The weight and credibility of the evidence was for the jury, and it is apparent that the jury chose to believe that the defendant did not intend to kill his wife when he shot her, but that he

did intentionally point the pistol at his wife without any legal justification for same. The evidence was sufficient to support the verdict. *Kerbo v. State,* 230 Ga. 241, 243 (196 SE2d 424); *Davis v. State,* 93 Ga. App. 253, 254 (3) (91 SE2d 316); *Birdsong v. State,* 140 Ga. App. 719 (231 SE2d 813); *Burch v. State,* 141 Ga. App. 173 (3) (233 SE2d 31); *Murray v. State,* 138 Ga. App. 776, 777 (3) (227 SE2d 428).

2. At the conclusion of the presentation of the evidence and prior to argument, the district attorney filed a motion styled "motion in limine" in which he asserted that the defendant had been served with a list of 21 witnesses and a supplemental list of two witnesses; that 16 witnesses were subpoenaed by the state and 11 were actually used in the trial. The motion sought to prohibit counsel for defendant from referring in argument to the fact that the state had failed to produce any or all of its witnesses for trial based upon the authority of *Gannaway v. State,* 142 Ga. App. 87 (235 SE2d 392), that it is not error for the trial court to refuse to allow the defense counsel to argue that the jury may make an impermissible inference in that the state failed to present certain witnesses. Whereupon, the trial court granted the state's "motion in limine," and counsel for the defendant was prohibited from arguing that the jury might assume an inference or presumption from the fact that all the witnesses were not called who were subpoenaed and named as witnesses. He contends that Code § 38-119 provides that when a party has the evidence within his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, or having more certain and satisfactory evidence in his power, but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded. Generally, it has been held that this principle does not apply in criminal cases. Furthermore, if Code § 38-119 applied in a criminal case it would be equally applicable to the defendant and to the state. This, undeniably, would fly in the face of justice and the right of the defendant to remain silent as well as having an eroding effect on the state's burden of proving the defendant guilty beyond a reasonable doubt. No burden can be placed on the defendant during the trial of his case

as the burden of proof is always on the state to prove the guilt of the defendant. In this instance the witnesses were as available to the defendant as to the state, and the defense could have called them to testify. It was proper to refuse to allow the defendant to argue this point to the jury as Code § 38-119 would not be applicable here. See *Peters v. State,* 131 Ga. App. 513, 516 (8) (206 SE2d 623); *Sokolic v. State,* 228 Ga. 788, 790 (187 SE2d 822). For a case directly in point see *Gannaway v. State,* 142 Ga. App. 87 (2), supra. There is no merit in this enumeration of error.

3. The jury returned on at least two occasions to request the court to give further instructions. The jury foreman asked the court the following question: "Does criminal negligence apply to manslaughter and to murder, involuntary manslaughter?" Whereupon the trial court instructed the jury and the foreman that "it would not be appropriate for the Court to answer specific questions that are posed by the jury to the Court." The trial judge instructed them that having given them the specific definition of murder as it appears in the Code which is the law and the specific definitions of the two degrees of involuntary manslaughter that were originally charged he could only tell the jury that they must apply the facts and the evidence that came before them from the witness stand, then determine whether or not the offense of murder had been proved beyond a reasonable doubt or if it had not, whether either of these degrees of involuntary manslaughter had been proved beyond a reasonable doubt, and if none of these offenses had been proved beyond a reasonable doubt then their verdict in that event would be a verdict of acquittal or not guilty. The instructions as given and the refusal of the trial court to answer a specific question were proper and sufficient, and even though the trial court refused to answer the specific question he properly recharged as to criminal negligence, the definitions of murder and the two degrees of involuntary manslaughter, all of which had been previously charged in the court's main charge. In giving a recharge requested by the jury the court is not bound to repeat all of the law of the case or all of the law favorable to the defendant. See *Demps v. State,* 140 Ga. App. 90 (1), 91

(230 SE2d 97); *Quarles v. State.* 142 Ga. App. 394, 395 (5) (236 SE2d 139). The jury having been adequately instructed as to the correct principle of law there is no merit in the contention that the trial court failed to instruct the jury at their request on a question of law.

4. The next error enumerated is that the trial court erred in failing to instruct the jury on all the applicable law pertaining to the offense of involuntary manslaughter in the commission of an unlawful act. Defendant contends that the court failed to inform the jury of the particular lawful or unlawful acts which the accused was alleged to have committed which caused the death of the deceased. But the court did charge the jury that it was a violation of the law to intentionally point a pistol at another. The defendant had testified that the pistol discharged, as he contended, accidentally. Of necessity the pistol was pointed at the deceased when she was killed by the bullet fired from that pistol. Defendant contends that the trial court having charged on a lesser crime than that charged in the indictment under *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), was required to charge all the pertinent law applicable to that defense citing *Harper. v. State,* 17 Ga. App. 561 (2) (87 SE 808); *Rouse v. State,* 2 Ga. App. 184 (58 SE 416); *Williams v. State,* 25 Ga. App. 193 (102 SE 875); *Searles v. State,* 107 Ga. App. 412 (3), 414 (130 SE2d 253); *Coley v. State,* 117 Ga. App. 149, 151 (2) (159 SE2d 452); *Burns v. State,* 240 Ga. 827 (2), 828 (242 SE2d 579). However, the trial court fully defined the particular unlawful act or acts which the defendant may have committed which caused the death of the deceased and which could lead to a finding of involuntary manslaughter in the commission of an unlawful act. The pointing of a gun at another is an unlawful act other than a felony. We find no merit in this complaint.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 2, 1979 — DECIDED JULY 6, 1979 — REHEARING DENIED JULY 19, 1979 —

*William A. Zorn,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson, III,* for appellee.