## 57959. GWINNETT COMMERCIAL BANK v. FLAKE et al.

QUILLIAN, Presiding Judge.

Plaintiff, C. L. Flake, Jr., a real estate developer, was involved in a large number of loan transactions with the defendant — Gwinnett Commercial Bank, during the years 1974, 1975, and 1976. He was developing realty with different persons, partnerships, and corporations. As a result of the many purchases, sales and transfers of various properties, numerous promissory notes and guaranty contracts were executed with the defendant bank. Flake used as collateral for his loan and guaranty transactions, a $440,000 Certificate of Deposit issued by the defendant bank. The day before the certificate matured he went to the bank to inquire about paying off some loans, and "covering" some checks which were "coming in." The bank advised him the certificate was being used as collateral for loans of the plaintiff, both as maker and guarantor. The bank permitted a portion of the proceeds of the certificate to be used by plaintiff and issued a new certificate in the amount of $359,000 but retained it

as collateral.

Plaintiff testified that another bank was pressuring him to put up more collateral. He talked to Mr. Price, the president of the defendant bank about "protecting my life savings which he had at the time on deposit . . . He said if we had any problem that I would sign some guaranties and leave some notes with him, and if anybody called or anybody came in checking that he would just say I was totally lent up, and there was no money, no way to get the collateral." Plaintiff executed "four or five of each" of the guaranty contracts and notes and left them with Mr. Price. "It was my understanding from Mr. Price that if we had any problems, he would have a note and guaranty there to just show someone if we had any problem or tell someone on the phone that Mr. Flake was lent up."

Ultimately the bank "used the right of offset against [the plaintiff's] certificate of deposit" and applied it to pay notes of two business associates, Messers. Middleton and Jones. The bank asserted that plaintiff was a guarantor on the notes. Plaintiff admitted being a guarantor on two notes but denied that he authorized the execution of a guaranty contract on Middleton for $325,000 and on Jones for $53,842.54. Plaintiff brought this action for the alleged failure of the bank to honor its certificate of deposit and for wrongful conversion of the certificate. The jury found for the plaintiff and the defendant brings this appeal. *Held:*

1. Defendant's brief and supplemental brief have combined enumerations of error 7, 9, and 10. We shall do likewise. These enumerations basically deal with the central complaint that the "court erroneously stated the contentions of the parties" in the charge to the jury. Cited as support for these enumerations is *American Motorist Ins. Co. v. Sutton,* 148 Ga. App. 872, 877 (253 SE2d 256), which held: "The trial court committed harmful error by inaccurately charging the jury as to the contentions of the defendants . . . A charge which confuses the issues in the case and injects into the case issues not made by the pleadings or the evidence is presumptively harmful to the losing party."

Defendant argues that "[t]he Court designated the defense [of setoff] of the [defendant] as a 'counterclaim' when none was asserted." Black defines "Counterclaim"

as "[a] claim presented by a defendant in opposition to or deduction from the claim of the plaintiff. A species of set-off or recoupment . . . " Under our Civil Practice Act, the term "counterclaim" is "generic in nature, includes both setoff and recoupment, and is broader than either in that it includes other claims and may be used as a basis for affirmative relief." 20 AmJur2d 233, Counterclaim, Recoupment, and Setoff, § 9. Strictly speaking "[a] set-off is a counter-demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic [independent] of the plaintiff's cause of action . . ." 80 CJS 7, Set-Off and Counterclaim, § 3; Black's Law Dictionary. Although there are distinctions between the two terms, they are frequently used interchangeably. See 80 CJS 19, Set-Off and Counterclaim, § 10; 20 AmJur2d 234, Counterclaim, Recoupment, and Setoff, § 10.

Our Code requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ." Code Ann. § 81A-113 (a) (CPA § 13; Ga. L. 1966, pp. 609, 625). In his answer, defendant stated: "Defendant exercised its rights of set-off . . ." The set off arose from this same series of transactions. Professor Moore agrees that under Rule 13 "a counterclaim is any claim, including set-off and recoupment, which one party has against an *opposing* party . . ." 3 Moore's Federal Practice 13-53, ¶ 13.02. Furthermore, our Code also states that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation." Code Ann. § 81A-108 (c) (CPA § 8; Ga. L. 1966, pp. 609, 619; as amended through 1976, pp. 1047, 1048). Thus, even if there had been a misdesignation by the court it would not be so harmful as to require reversal. However, on the whole, the court adequately and correctly advised the jury of the contentions of the defendant's defense of "setoff" albeit denominated at times as a species of counterclaim.

2. Defendant's Enumerations 5, 6, 8 and 12 address the issue of burden of proof. We find no error. "While

ordinarily such things as recoupment, setoff and matters relating to the reduction of the damages alleged by the plaintiff are defensive in nature . . . the burden is on the defendant to show these facts . . ." *Bigelow-Sanford &c. Co. v. Goodroe,* 98 Ga. App. 394, 399 (106 SE2d 45); accord, *Phillips v. Lindsey,* 31 Ga. App. 479, 482 (120 SE 923). "Evidence sufficient to establish a proponent's case puts the adversary to the necessity of producing evidence to meet the prima facie case, or to produce evidence sufficient to create a state of equipoise between his proof and that of the adversary. [Cits.]" *Complete Auto Transit v. Baggett,* 107 Ga. App. 415 (1) (130 SE2d 271). Thus, if a defendant produces no evidence to counter plaintiff's prima facie case, direction of a verdict would be proper — even where defendant pleads the defense of setoff. *Lansdale Clothes v. Wright,* 217 Ga. 817 (125 SE2d 502). These enumerations are without merit.

3. The defendant objected to the admission in evidence of plaintiff's Exhibit 18, a handwritten memorandum of a business agreement between the plaintiff, Middleton, and Jones. It concerned one of the loans guaranteed by the plaintiff with the defendant bank, and contained their understanding of the application of the proceeds. It was admitted on the basis of a business record. Defendant's objection was solely "on the grounds of materiality and relevancy." The court ruled that "your objection as to relevancy is not sufficient for the Court to rule by itself," and admitted the document.

There was no objection as to lack of sufficient foundation or that the document included hearsay. "That evidence is irrelevant and immaterial is no valid ground of objection." *Hudson v. Miller,* 142 Ga. App. 331 (1) (235 SE2d 773). The court drew counsel's attention to this lack of specificity and the objection was not further developed. We find no reason for reversal as the trial court determines relevancy and this evidence of a business transaction shed light on the basis of a note and guaranty contract of plaintiff with the defendant bank — both of which were introduced by the defendant.

4. We find no error in "the [plaintiff's] use and retention of reports of examination of the Gwinnett Commercial Bank and the Bank of Duluth" made by state

bank examiners, where such information was produced under subpoena issued under the authority of Code Ann. § 41A-311 (b) (2) (Ga. L. 1974, pp. 705, 739; 1975, pp. 445, 452).

5. No judgment was rendered against the defendant on the conversion count. Any possible error as to the conversion charge would be harmless.

6. The court correctly instructed the jury as to the law upon completion of an incomplete contract. See Code Ann. § 109A-3—407 (1) (b) (Ga. L. 1962, pp. 156, 259); *Thompson v. Bank of Chatsworth,* 30 Ga. App. 443 (3) (118 SE 470); Weirton Savings &c. Co. v. Cortez, 203 SE2d 468 (3) (W. Va. 1974); 1 Corbin on Contracts 94-95, § 29; 1A, Corbin on Contracts 406, § 244; 17 CJS 742, Contracts, § 65; 17 AmJur2d 411, Contracts, § 73. Failure to give the requested charge of the defendant upon the same subject will not require a new trial where the matter was substantially and correctly covered. *Waddill v. Waddill,* 143 Ga. App. 806 (4) (240 SE2d 129); *Moody v. Moody,* 241 Ga. 286 (2) (244 SE2d 875).

7. The defendant failed to submit his requested charges within the time limit imposed in the pretrial order. The failure to give such instructions is not reason for reversal.

8. The court did not err in charging that consideration was necessary for a valid guaranty contract. The "Guaranty" contracts executed in blank by the plaintiff were dated "1-6-75." The Middleton note which was guaranteed was dated "12-30-74." No specific note executed by Jones was introduced in evidence to which the Jones guaranty contract related. The guaranty contracts cited only that the guarantor executed the contract "For Value Received." This phrase is not controlling and may be inquired into. *Byrd & Co. v. Marietta Fertilizer Co.,* 127 Ga. 30, 33 (56 SE 86). " ' A promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor or any benefit secured to the debtor in consequence of the undertaking, is a mere *nudum pactum.*' " *Carlisle v. General Tire Service Co.,* 86 Ga. App. 807, 811 (72 SE2d 568); Code Ann. § 103-101 (Code § 103-101). Thus, a contract of guaranty executed after the original obligation must be founded on some new type of consideration, independent of that flowing to the

principal and flowing directly to the guarantor. *Friedland v. C. & S. &c. Bank,* 135 Ga. App. 591, 592 (218 SE2d 302). Past consideration — one which has already served its purpose in a former .transaction will not support a contract of guaranty. Id.; see also *Ellis v. Chem-Tech Finishers,* 140 Ga. App. 180, 181 (230 SE2d 340). This enumeration is without merit.

9. The jury requested the use of a calculator. The court replied: "I don't even know whether we have a calculator available . . . [Plaintiff's counsel]: We've got one here. [Defendant's counsel]: We're perfectly willing to trust the Court's discretion in the matter. If the Court thinks that the use of a calculator facilitates the jury in arriving at a fair and just verdict, then we certainly have no objection." After the jury departed counsel for defendant moved for a mistrial "on the basis of the conduct of counsel in the offering or tendering to offer a calculator to the jury is highly improper at this stage of the proceeding."

We find no reversible error. First, we do not construe plaintiff's counsel's statement as being made to the jury. His was a statement of fact: "We've got one here," in response to the judge's query: "I don't even know whether we have a calculator . . ." Secondly, we find such act insufficient misconduct of counsel as to require a new trial. Defendant articulates no specific manner as to how such act was misconduct or adversely affected the defendant. "The law contemplates that no outside influences shall be brought to bear upon a jury . . ." 58 AmJur2d 304, New Trial, § 103; see also 66 CJS 161 et seq., New Trial, §§ 47-51. This was not such an act of counsel as to curry the favor of a jury, or which would appear was intended or calculated to affect the verdict. Accordingly, we find no prejudicial error.

10. The evidence presented issues which were properly submitted to the jury for resolution. Such evidence did not demand a verdict for the defendant and the jury was authorized by the evidence to reach a finding for the plaintiff. As there was a conflict in the evidence, and there is some evidence to support the verdict, the trial court did not err in overruling defendant's motion for directed verdict and for new trial. *Hallford v. Banks,* 236

Ga. 472 (224 SE2d 35).

11. We have examined the remaining enumerations and find them to be without substantial merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED JUNE 11, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED OCTOBER 2, 1979.

*G. Hughel Harrison, F. Carlton King,* for appellant.
*Peyton S. Hawes, Jr., Julie Childs, James H. Rollins,* for appellees.