## 59745. JACKSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from his conviction of the offense of burglary. *Held:*

1. Appellate counsel for defendant has filed a motion to be relieved under Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) as he found no error which might arguably support an appeal. We decline to relieve counsel as defendant has filed — pro se, enumerations of error, and we will address the issues raised by him.

2. The evidence adequately established the intent of the defendant to commit the offense charged — burglary. The defendant was found inside the Near-By Grocery at 2 a.m., concealed behind the meat counter. A small room air-conditioner had been pushed inside the building to gain entrance. A shopping cart full of groceries was found by the rear door. It had not been there when the manager closed the grocery the previous evening. This is sufficient evidence of intent. *McCrary v. State,* 124 Ga. App. 649 (185 SE2d 586). That defendant had been drinking would not negate presence of intent. *Smith v. State,* 146 Ga. App. 469 (246 SE2d 476).The sufficiency of the evidence to prove the offense charged was for the jury. *Thompson v. State,* 76 Ga. App. 239 (45 SE2d 675).

3. The defendant testified that he "drunk a little bit, I would say, heavy" before he was arrested by the police. He stated that he did not recall being arrested and became aware that he was in jail several hours after the burglary. Therefore, we find no error in the admission of the opinion testimony of Detective Carr as to the state of defendant's sobriety at the time of his arrest — "that he appeared to be playing drunk . . ."

First, the defendant raised the issue of drunkenness by his testimony. Detective Carr testified only in rebuttal. He stated the basis for his opinion and it was admissible. Code Ann. § 38-1708; *Grier v. State,* 72 Ga. App. 633, 634 (34 SE2d 642); *Fountain v. Smith,* 103 Ga. App. 192 (1) (118 SE2d 852). Lastly, defendant voiced no objection to the testimony when it was admitted. Any possible error was waived. *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58).

4. The court did not err in informing the jury that it would not be a defense that the owner of the Near-By Grocery placed locks on the inside of the doors to prevent the exit of persons. A ruling by the

court on a point of law is not an expression of opinion. *Green v. State,* 112 Ga. App. 329, 331 (145 SE2d 80); *Bailey v. Todd,* 126 Ga. App. 731, 738 (191 SE2d 547), U. S. cert den. 409 U. S. 1113; *Cochran v. State,* 136 Ga. App. 125 (3) (220 SE2d 477).

5. In the absence of a request for a fuller charge, no harmful error was committed when the court gave a recharge only on the elements of the offense, even though the jury requested: "tell us once again what we should consider?" See *Demps v. State,* 140 Ga. App. 90, 91 (230 SE2d 97); *Quarles v. State,* 142 Ga. App. 394 (5) (236 SE2d 139); *Brown v. State,* 150 Ga. App. 831 (3) (258 SE2d 641).

6. The trial court did not err in denying defendant's motion for new trial based on the general grounds and those decided adversely to him in this appeal.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED APRIL 10, 1980 — DECIDED MAY 2, 1980.

*Jack G. Angaran,* for appellant.
Willie E. Jackson, *pro se.*
*Richard E. Allen, District Attorney,* for appellee.

